(71 App. Div. 488.)

PLASS v. CLARK.

(Supreme Court, Appellate Division, Second Department. April 25, 1902.)

1. INTOXICATING LIQUORS—REVOCATION OF LICENSE—APPLICATION FOR REVOCATION—REFERENCE—APPEAL—QUESTIONS CONSIDERED.
    Where an order of reference in a proceeding to revoke a liquor license, directing the referee to give his opinion on the evidence to be taken and reported, is exactly as asked by the applicant, he will not be heard to object on appeal that Laws 1896, c. 112, § 27, subd. 2, authorizing references in such cases, does not authorize an order directing the referee to report his opinion on the evidence.

2. SAME—OPINION BY REFEREE—JUDGMENT—VALIDITY.
    Where the judgment in such cause purports to be based on the evidence reported by the referee, and does more than simply confirm the opinion of the referee, it is independent of such opinion, and is not invalid, even though the order directing the referee to give such opinion was improper.

3. SAME—PROHIBITED SALE OF LIQUOR—OBSTRUCTION OF WINDOWS—COLORED GLASS.
    Laws 1896, c. 112, § 31, subd. "h," prohibiting any liquor dealer from having any opaque or colored glass, during hours when the sale of liquor is forbidden, which obstructs a full view of the bar and room from the outside, is not violated by the presence of opaque and colored glass which does not interfere with the view from the outside of the interior of the room where the liquor is sold.

4. SAME—PETITION FOR REVOCATION—GROUNDS OF REVOCATION—NECESSITY OF ALLEGATION.
    Laws 1896, c. 112, § 28, subd. 2, requiring a petition for the revocation of a liquor license, to state the facts on which the application is based,.

precludes a revocation on grounds not alleged, though the evidence shows other grounds of revocation.

5. SAME—ALLEGATION OF LICENSE HOLDER—EFFECT.

The issues in such proceedings are not broadened, so as to authorize a revocation on grounds not alleged in the petition for revocation, by an allegation of the license holder that she is entitled to hold her license.

6. SAME—AMENDMENT—APPEAL.

The petition in such proceedings cannot be amended on appeal by the addition of allegations of grounds of revocation shown by the evidence but not alleged; but such amendment should have been made in the trial court.

Appeal from special term, Kings county.

Petition by Norman Plass for the revocation of a liquor license held by Elsie M. Clark. From a judgment for the licensee, the petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Elbert B. Hamlin, for appellant.

A. S. Tompkins, for respondent.

WILLARD BARTLETT, J. This is a special proceeding, instituted by the petition of Norman Plass for the revocation of a liquor-tax certificate issued to Elsie M. Clark. The court at special term refused to revoke the certificate and to dismiss the petition, and the petitioner now appeals.

The evidence was taken before a referee, under an order which directed the referee to report such evidence to the court, together with his opinion thereon. The appellant contends that an order of reference directing an expression of opinion by the referee is not authorized by the liquor-tax law (Laws 1896, c. 112, § 27, subd. 2), and that the final order should be reversed, because in terms it confirms the referee's report. As to this point it may be observed, in the first place, that the order of reference was granted in the form in which it appears in the record upon the motion of the attorney for the appellant himself. In the second place, that part of the final order which confirms the report may be disregarded as surplusage. The order does more than simply confirm the referee's report; it denies the prayer of the petition for revocation, dismisses the proceeding, and awards costs and disbursements, which amount to $161.19, to the respondent. These adjudications distinctly appear to be made "upon the testimony taken before the referee." Hence the dismissal is the action of the learned judge at special term, quite independent of the referee's opinion.

The appellant claims to have established violations of the liquor-tax law on the part of the respondent in respect to (1) opaque glass and blinds, (2) fire escapes, (3) the area of dining room and kitchen, and (4) the prescribed number of bedrooms on the respondent's premises. The only one of these violations charged in the petition is that relating to opaque glass and blinds. The liquor-tax law makes it unlawful to "have during the hours when the sale of liquor is forbidden any screen or blinds, or any curtain or article or thing covering any part of any window, or to have in any window or

door any opaque or colored glass that obstructs or in any way
prevents a person passing from having a full view from the side-
walk, alley, or road in front of, or from the side, or end of the
building, of the bar and room, or any part of such bar and room,
in such building where liquors are sold or kept for sale." Laws
1896, c. 112, § 31, subd. "h." While there was evidence of the
presence of opaque glass and blinds, it did not appear that they
interfered with the view of the interior contemplated by the statute.
The fact that there are blinds on the premises, or that there are
panes of opaque glass, does not constitute a violation of the stat-
ute, as we understand it, provided outsiders may still have a full
view of the inside of the premises. In re Henry, 56 App. Div. 268,
67 N. Y. Supp. 733, cited by the appellant, was decided on this
construction of the law. There it clearly appeared that there was
cabinet work in the window; and yet it was held that the court at
special term was justified in refusing to revoke the certificate by
evidence that this cabinet work was so constructed that the barroom
could nevertheless be seen.

The other violations were not mentioned in the petition; but the
appellant insists that they were established by testimony elicited
from the respondent herself, which came in without objection. It
is argued that the court is not bound by allegations of specific vio-
lations contained in the petition, as in the case of pleadings, but
may and should consider any violations of the law as shown by the
evidence, particularly if those violations are made to appear by
the testimony of the holder of the certificate. But the liquor-tax
law requires the petition for revocation to "state the facts upon
which such application is based." Laws 1896, c. 112, § 28, subd. 2.
We think that this requirement implies that no charges are to be
considered upon the hearing except such as are contained in the
petition as originally framed, or such as may properly be intro-
duced by amendment in the course of the proceeding. If this were
otherwise, no reason could exist for requiring any fact whatever to
be alleged in the petition.

There is an averment in the answer, in addition to the denial
therein contained, that the respondent is entitled to hold her liquor-
tax certificate, and it is suggested that this broadened the issues
so as to permit the revocation for violations not charged in the
petition. We do not think so. It is merely a statement of a con-
clusion of law, which does not alter the rule or change the burden
of proof.

The proper course for the appellant to have pursued in this case,
in order to render available the evidence of violations of the liquor-
tax law not alleged in the petition, would have been to move at
special term to amend the petition so as to conform to the proof.
After such amendment, if the proof was as conclusive as the ap-
pellant contends it is, the court would doubtless have revoked the
certificate; or a refusal to do so would have required a reversal
here. An appellate court, however, cannot amend the petition, or
deem it amended, so as to conform to the proof, for the purpose
of reversing the order appealed from. There is nothing to prevent

the petitioner from making these alleged violations the basis of another proceeding.

The order should be affirmed, without costs of this appeal. All concur.