In re CLEMENT, State Com'r.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—CANCELLATION—PETITION.

Liquor Tax Law, Laws 1897, p. 220, c. 312, § 17, subd. 8, provided that, where the nearest entrance to the premises described in the application was less than 200 feet from the nearest entrance of a dwelling, the petitioner should simultaneously file with the statement a consent in writing that the traffic in liquors might be carried on there, signed by at least two-thirds of the owners of property occupied exclusively as dwellings within 200 feet, or by their agents. A petition for the cancellation of a certificate alleged that the application falsely stated that there were no dwellings within 200 feet of the place where the liquor was to be sold, and that no consents had been filed. The petition was based on information and belief, and declared that petitioner's information and the grounds of his relief were the public records of the state commissioner of excise, etc., and an attached affidavit of a special agent of the state excise commissioner averred that he had ascertained by measurement that there were houses within the 200-foot limit, and that he learned by observation and inquiry that they were solely occupied as dwellings. *Held*, that such application was sufficient to confer jurisdiction and authorize the taking of proof under section 28, subd. 2 (page 229), and that it was, therefore, error for the court to deny the application to take proofs and to dismiss the application.

Appeal from Special Term, New York County.

Petition by Maynard N. Clement, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 2,655, is-

sued to Israel Cohen. From an order denying the application, petitioner appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

H. H. Kellogg, for appellant.

J. H. Koehler, for respondent.

PATTERSON, J. The State Commissioner of Excise presented a petition to the Supreme Court praying for an order revoking and canceling a liquor tax certificate theretofore issued to Israel Cohen. The application was made under section 28, subd. 2, of the liquor tax law (Laws 1897, p. 229, c. 312), which provides, in substance, that any time after a liquor tax certificate has been issued under the provisions of the liquor tax law, such certificate may be revoked and canceled if material statements made in the previous application of the holder for the certificate were false, or if the consents required by section 17 of the act were not properly filed, or if the holder of the certificate was not for any reason entitled to receive or hold the same or to traffic in liquors, or if any provision of the act had been violated at the place designated in the certificate as the place where such traffic is to be carried on. By subdivision 8 of section 17 of the liquor tax law, it is provided that when the nearest entrance to the premises described in the application as those in which traffic in liquor is to be carried on is within 200 feet, measured in a straight line, of the nearest entrance to a building or buildings occupied exclusively as a dwelling, there shall also be so filed simultaneously with the statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners or by a duly authorized agent or agents of such owner or owners of at least two-thirds of the total number of such buildings within 200 feet so occupied as dwellings.

The petitioner in this proceeding set forth in his petition facts relating to the issuance of the certificate to the relator and the furnishing by him of a statement at the time he made his application for the certificate and the granting of such certificate on the faith of such statement. He further set forth on information and belief that in that statement the applicant represented that there were no buildings occupied exclusively as dwellings, the nearest entrance to which was within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors was intended to be carried on. He further alleged on information and belief that the statement was a material statement, and was and is false, in that there were and are four buildings occupied exclusively as dwellings, the nearest entrance to each of which was within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors was to be and is carried on under the said certificate. He also, on information and belief, alleged that Cohen did not have attached to his application statement a consent in writing that such traffic in liquors be so carried on in said premises during the term therein stated, executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners, of at least two-thirds of the total number of build-

ings occupied exclusively for dwellings, the nearest entrance of each of which is within 200 feet, measured in a straight line, of the nearest entrance to the premises described in the certificate.

He alleges further, on information and belief, that said Cohen in response to the following question, viz.: Q. "Do such consents, heretofore and herewith filed, constitute the required number, and comply with the provisions of the Liquor Tax Law?" answered, "Yes." Again, on information and belief, it is alleged in the petition that that statement was material and false, and that there were four buildings occupied exclusively as dwellings, the nearest entrance of which was within 200 feet measured in a straight line as aforesaid, and that no consents of owners of such buildings occupied exclusively as dwellings within 200 feet were attached to the application statement. The petition then declares that the sources of the petitioner's information and the grounds of his belief, as to the matters alleged on information and belief, are the public records in the offices of the State Commissioner of Excise and the Special Deputy Commissioner of Excise for the boroughs of Manhattan and the Bronx; also the affidavit of Henry Waterman attached to the petition and made a part thereof. Waterman, in his affidavit states that he is, and for some years had been, a special agent of the State Commissioner of Excise under the liquor tax law; that he and another person on the 2d of June, 1906, measured in a straight line the distance from the entrance to Nos. 177 and 179 Monroe street, in the borough of Manhattan, the place where Israel Cohen trafficked in liquor under the liquor tax certificate issued to him, to the nearest entrance to Nos. 187, 189, and 191 Monroe street, and No. 63 Montgomery street; that the distance from the nearest entrance to the premises at which traffic in liquor was so carried on to the nearest entrance to No. 187 Monroe street was found to be 146 feet and 2 inches; that the distance from the nearest entrance to said premises to the nearest entrance to No. 189 Monroe street was found to be 166 feet and 2 inches; that the distance from the nearest entrance to said premises to the nearest entrance to No. 191 Monroe street was found to be 186 feet and 7 inches; and that the distance from the nearest entrance to said premises to the nearest entrance to No. 63 Montgomery street was found to be 188 feet. As to the character of the occupation of the four buildings, 187, 189, and 191 Monroe street, and 63 Montgomery street, Waterman deposed that he was informed by occupants of those buildings that they were on the day the certificate was issued and some years theretofore had been continuously occupied exclusively as dwellings, and that from his own observation he verily believed them to have been so occupied.

On the 19th day of July, 1906, this petition was presented to a justice of the Supreme Court in the borough of Manhattan in the county of New York, and an order was obtained returnable on the 27th day of July, 1906, requiring Cohen, the holder of the certificate, to show cause why the liquor tax certificate should not be revoked and canceled upon the grounds set forth in the petition, and a temporary restraint was imposed by that order upon Cohen surrendering and transferring the certificate, except as expressly authorized by statue, until the final

determination of the proceedings. On the return day of the order to show cause Cohen, the holder of the certificate, appeared by counsel, who moved to dismiss the proceeding on the ground of the insufficiency of the moving papers, and the petitioner moved to have the proofs taken by the court in accordance with section 28, subd. 2, of the liquor tax law, and both motions having come on to be heard on the 1st of August, 1906, the court ordered that the application of the petitioner be (and the same was) denied in all respects, and the application of the petitioner was dismissed, with costs.

From that order the Commissioner of Excise now appeals.

It is apparent that the learned justice at Special Term acted upon the application of the State Commissioner of Excise as if the matter had been brought up for final determination upon a motion made on the return day of the order to show cause by the attorney for the holder of the certificate to dismiss the proceeding. In the opinion of the learned justice he says that:

"Hearsay evidence and conclusion that certain premises deposed upon measurement to be less than 200 feet from their nearest entrance to the nearest entrance of the premises where traffic in liquors is conducted have been occupied exclusively as dwellings, for so deponent was informed by occupants thereof and from his own observation verily believes to have been so occupied, are insufficient upon which to grant cancellation of the certificate herein."

The application was not made for a final order granting cancellation of the certificate. It was only made to take proofs under the provisions of subdivision 2 of section 28 of the liquor tax law. What appeared in the petition and in the affidavit of Waterman was sufficient to give the court jurisdiction to entertain the proceeding. While it is true that mere allegations on information and belief unsupported in any way may be ineffectual to set the court in motion in a proceeding of this character (People ex rel. Peck v. Cargill, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888), yet it has not been thus far held that where the sources of information are disclosed and particular reference is made to those sources, and where proof is presented in or with the petition of the existence of facts which prima facie entitle the petitioner to the relief demanded, such a petition is insufficient to invoke the action of the court. Two of the important and jurisdictional facts alleged in this petition are, first, the distance of certain structures or dwellings from the nearest entrance to Cohen's premises; and, second, the use to which those buildings or structures are and were applied. The distances are sworn to by Waterman, who made the measurements in connection with another person. The use of the buildings was ascertained by Waterman from inquiry of residents therein and from his own observation that they were dwelling houses. The other facts stated in the petition consisted of the contents of documents on file, and express and distinct reference is made to them.

We entertain no doubt of the sufficiency of this petiton to give the court jurisdiction to act. Having that jurisdiction, the application of the State Commissioner of Excise should have been granted. As said before, no application was made for a final order. None could have been made without proof, and it was for the purpose of taking proof that the State Commissioner of Excise invoked the action of the court,

and that was done in accordance with the practice which has prevailed in such cases since the decision of Matter of Cullinan v. Kray, 82 App. Div. 445, 81 N. Y. Supp. 567. The petition of the commissioner is in the nature of a pleading. On the return day of the order to show cause, which the statute authorized to be issued on such a petition, the holder of the certificate against whom the application is made failing to answer or show cause, is in an attitude similar to that of a defendant in a suit who fails to answer a complaint, and as against whom a judgment cannot be taken without proof of the cause of action set forth in the complaint. The petition in the matter now before us answering, as we think it does, the requirements of the statute, and the application having been expressly made to the court to take proofs, we are of the opinion that that application should have been granted, and the court should either have itself taken the proof or sent it to a referee for that purpose.

The order appealed from should, therefore, be reversed, with costs of this appeal, and the matter remitted to the Special Term for appropriate action in accordance with the suggestion of this opinion. All concur.