(120 App. Div. 655)

PEOPLE ex rel. HILL et al. v. UNITED SURETY CO. OF BALTIMORE, MD., et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

INTOXICATING LIQUORS—LICENSES—BONDS OF DEALERS—LIABILITY OF SURETY.
The liquor tax law (Laws 1896, p. 61, c. 112, § 18, as amended by Laws 1903, p. 1120, c. 486) provides for a bond to be given by holders of liquor tax certificates in the penal sum of the amount, plus one-half, of the tax for one year upon the kind of traffic to be carried on, conditioned in part that the principal will not violate any of the provisions of the liquor tax law. The state commissioner of excise is given a cause of action "for the recovery of the penalty for the breach of any condition of any

bond or for any penalty or penalties incurred or imposed for a violation of the liquor tax law," and the recovery on the bond is expressly limited to the penal sum therein expressed. *Held*, that for any single violation of the liquor tax law the surety becomes liable for the full amount of the bond, that is the extent of his liability, and the bond affords no remedy for the collection of costs to individuals who institute prosecutions under the law.

Appeal from Special Term, Albany County.

Action by the people, on the relation of Charles Hill and another, against the United Surety Company of Baltimore, Md., and another. From a judgment for defendants, relators appeal. Affirmed.

Under subdivision 2 of section 28 of the liquor tax law (Laws 1896, p. 69, c. 112, as amended by Laws 1905, p. 1737, c. 680), on the petition of Niles Tompkins, a taxpayer, the liquor tax certificate of Martha E. Mulberry was revoked. Said statute provides for such a proceeding by the state commissioner of excise, his deputy, or a taxpayer, and that "costs upon such proceeding may be awarded in favor of and against the petitioner or the certificate holder in such sums as in the discretion of the justice, judge or court before which the petition is heard may seem proper." Pursuant thereto costs were awarded the said petitioner and against the certificate holder. An effort for the collection thereof having proved unsuccessful by reason of her insolvency, such costs were assigned to the plaintiff Charles Hill, and the present action was instituted for the recovery thereof against the surety on the bond of said certificate holder. The state commissioner of excise is made a defendant, as required by section 6 of said law. The defendants interposed separate demurrers, challenging the sufficiency of the complaint and also raising the question of a misjoinder of parties plaintiff.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. S. Frost, for appellants.

Dudley B. Wade, for respondent United Surety Co. of Baltimore, Md.

Russell Headley and Samuel H. Salisbury, for respondent Clement.

COCHRANE, J.   The bond in question is the ordinary bond given by the holders of liquor tax certificates under section 18 of the liquor tax law (Laws 1896, p. 61, c. 112, as amended by Laws 1903, p. 1120, c. 486). That section provides for—

"a bond to the people of the state of New York, in the penal sum of the amount plus one-half of the tax for one year upon the kind of traffic in liquor to be carried on by such applicant, where carried on, but in no case for less than five hundred dollars, conditioned that if the tax certificate applied for is given, the applicant or applicants will not, while the business for which such tax certificate is given shall be carried on, suffer or permit any gambling to be done in the place designated by the tax certificate in which the traffic in liquors is to be carried on, or in any yard, booth, garden or any other place appertaining thereto or connected therewith, or suffer or permit such premises to become disorderly, and will not violate any of the provisions of the liquor tax law, and that all fines and penalties which shall accrue during the time the certificate applied for is held, and any judgment or judgments recovered therefor, will be paid, together with all costs taxed or allowed."

It is clear, from an inspection of the entire statute, that the said bond does not measure all the liability of the certificate holder, and that the surety on the bond cannot be compelled to respond for every

liability incurred by the principal. For any single violation of the provisions of the act the bond is forfeited and the surety becomes liable for the full amount thereof. That, however, is the extent of his liability. But the principal is liable not merely for the amount of the bond, but may also be liable to a fine in a criminal prosecution and in addition thereto to a penalty in a civil action. Let us take the present case as an illustration. The certificate in question was revoked because of the sale of liquor to minors. For that violation of law both the principal and the surety became liable for the full amount of the bond. In addition thereto the principal might be made liable under section 34 of the act to a fine in a criminal action, and under section 42 to a penalty in a civil action. The principal might also be liable indefinitely for fines and penalties for other violations, the amount of which liability would depend only on the number of such violations. Those fines and penalties might also be recovered by the state commissioner of excise against the surety under the provisions of the bond; but the extent of any recovery against the surety would be limited by the amount of the bond. The foregoing views find expression in the cases of Lyman v. Shenandoah Social Club, 39 App. Div. 459, 57 N. Y. Supp. 372, and Lyman v. Rochester Title Insurance Company, 37 App. Div. 234, 55 N. Y. Supp. 770. If the proceeding for the revocation of the certificate in the present case had been instituted by the state commissioner of excise, and the costs in question had been awarded to him, although that would constitute an additional liability against the holder of the certificate, it would not increase liability under the bond. Liability thereunder because of the sale of liquor to a minor, or for any other violation, is fixed and certain, and is for the full amount of the bond, whether the certificate be revoked or not; and, if it be revoked, such liability under the bond is not increased. In fact, section 18 of the act, as amended by chapter 486, p. 1120, of the Laws of 1903, expressly limits a recovery in an action brought on the bond by the state commissioner of excise to the penal sum therein expressed.

It is evident, from the foregoing discussion, that if the costs in question had been awarded the state commissioner of excise in a proceeding instituted by him, the bond would afford him no effective remedy for the collection of such costs. The statute nowhere in terms gives the petitioner in a revocation proceeding a right to resort to the bond. A cause of action is expressly given by said section 18 to the state commissioner of excise "for the recovery of the penalty for the breach of any condition of any bond or for any penalty or penalties incurred or imposed for a violation of the liquor tax law"; the amount of recovery being limited to the penalty of the bond. The statute provides that all moneys so recovered shall be paid to the State Treasurer. Such bond is evidently intended to indemnify the state, and not private individuals who institute prosecutions under the act. Were the plaintiffs to succeed herein, it is evident that the recovery would not affect the surety on this bond, but would in effect be paid out of the state treasury, inasmuch as the surety is liable for the definite amount of the penalty of the bond, irrespective of the costs of the revocation proceeding. Had the surety before the com-

mencement of this action paid the full amount of this bond to the state commissioner of ·excise, as it was its duty to do if the certificate holder sold liquor to minors, very clearly all liability under the bond would have been extinguished. Neglect or refusal to make such payment cannot give plaintiffs a cause of action which would not exist if the surety had promptly performed such duty. It is very plain, therefore, that this action cannot be maintained.

The demurrer was also properly sustained on the ground of a misjoinder of parties plaintiff.

The interlocutory judgment should be affirmed, with costs. All concur; KELLOGG, J., in result.