(161 App. Div. 205)

### In re FARLEY, State Com'r of Excise.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATE—CANCELLATION —GROUNDS.

    Liquor Tax Law (Consol. Laws, c. 34) § 30, subd. "e," provides that it shall not be lawful for any person to permit the premises on which the traffic is conducted to become disorderly, or suffer, permit, or have any opening or means of entrance or passageway for persons between the room or place where the traffic is carried on, and any other room or place which any person whosoever suffers or permits to become disorderly, or carry on or permit to be carried on or to be interested in any traffic, business, or occupation which is in violation of law. *Held* that, where respondent conducted a barroom under a liquor tax certificate, and there was a hallway and staircase giving direct communication from the barroom to hotel rooms used for immoral purposes, his certificate was subject to cancellation, without reference to whether respondent was interested in the conduct of the hotel or rooms.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

2. INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATE—CANCELLATION —PROCEEDINGS—EXPIRATION OF CERTIFICATE.

    In proceedings to cancel a liquor tax certificate because respondent had sold liquor on Sunday contrary to law, it was error for the court to refuse to try such issue because the certificate would expire by limitations on the day succeeding that on which the trial was had, since, where the right to cancellation exists at the date of the institution of the proceedings, it is not impaired by the subsequent expiration of the license.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Petition by William W. Farley, as State Commissioner of Excise, for the revocation and cancellation of liquor tax certificate No. 4857, issued to Alexander Spier. From an order denying the relief prayed, petitioner appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Charles R. O'Connor, of Hobart, for appellant.

Maurice Meyer, of New York City, for respondent.

SCOTT, J. On September 27, 1912, the respondent, Alexander, Spier, applied for a liquor tax certificate to cover the year beginning October 1st. In his application he stated that liquors were to be sold at Nos. 2025, 2027, and 2029 Lexington avenue, borough of Manhattan, in "front room; ground floor; south 2029, side or end of building." He also stated that he intended to carry on a hotel in the premises, and that said premises had been continuously operated as a hotel since 1889.

The evidence showed in the most conclusive manner that the hotel portion of the building (that is, the portion above respondent's liquor saloon) was conducted as a disorderly house and an immoral resort. The respondent strives to shield himself behind the plea that it is not shown that he had anything to do with the hotel portion of the business which it is conceded was conducted by the Baltic Hotel Company. This plea is the only one upon which respondent seeks to sustain the order appealed from, and is presumably the one upon which the Special Term acted, since no other defense to the prayer of the petition is apparent upon the record. If such a plea is to succeed, an easy way will be opened to evade the provisions of the Liquor Tax Law. Fortunately it need not.

[1] Section 30, subd. "e," of the Liquor Tax Law, provides as follows:

"It shall not be lawful for any person * * * to suffer, or permit such premises to become disorderly, or to suffer, permit or have any opening or means of entrance or passageway for persons or things between the room or place where the traffic * * * is carried on and any other room or place which any person whosoever suffers or permits to become disorderly, or to carry on or to permit to be carried on or to be interested in any traffic, business or occupation, the carrying on of which is in violation of law."

It appeared without contradiction that there was direct communication between respondent's barroom and the hallway and staircase leading to the hotel rooms which were used for disorderly purposes. This of itself was sufficient to justify the revocation of the liquor tax certificate. This has already been held by the Appellate Division in the Third Department. In re Farley, 151 App. Div. 291, 136 N. Y. Supp. 115. Indeed, the violation of the statute in this regard is plain. Furthermore we are of the opinion that the mere concession that the hotel portion of the premises was conducted by the Baltic Hotel Company was not sufficient, without other proof, to rebut the presumption that

the respondent "permitted and suffered" the premises to become disorderly in the face of his declaration that he proposed to carry on the hotel, and of the close connection between the hotel and the barroom.

[2] The petition also alleged, as a reason why the liquor tax certificate should be revoked, that the respondent had sold liquor on Sunday contrary to law, and the petitioner was prepared and offered to prove this allegation.

The trial took place on September 30, 1913, and the court refused to try the issue as to unlawful selling because it would be a waste of time, since the certificate would expire on the next day. This was error. It has been uniformly held that the expiration of the certificate or its surrender for rebate is not a bar to a proceeding for cancellation. The right to cancellation where the evidence warrants it exists at the date of the institution of the proceeding and is not impaired by the subsequent expiration of the license. The issue had been made by the petition and the answer, and the petitioner was entitled to have it tried and determined.

For these reasons, the order appealed from must be reversed, and a new trial granted, with $10 costs and disbursements to the petitioner appellant. All concur.