In the Matter of the Petition of WILLIAM W. FARLEY, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling a Liquor Tax Certificate.

SOLOMON NOAR, Respondent.

Liquor Tax Law — proceeding for revocation of certificate — evidence must conform to facts alleged in petition and accompanying affidavits.

1. In a proceeding under the Liquor Tax Law (Cons. Laws, ch. 34, § 27, subd. 2) to obtain an order revoking and canceling a liquor tax certificate, it is necessary, by the express terms of the statute,

to state in the petition or accompanying affidavits the facts upon which the application for the revocation of the certificate is based. A petition or affidavit upon information and belief is wholly insufficient; but such a petition may be supplemented by affidavits annexed thereto and referred to therein, in which the facts upon which the petition is based are positively stated.

2. Upon the trial evidence of the facts upon which the application is based can be given only in so far as such facts are fairly called to the attention of the certificate holder by the petition, including the accompanying affidavits, if any.

3. Where the testimony relating to an occurrence described, or a conversation narrated, in an application is confined generally to the particular facts upon which the application is based, and the variance, if any, is of detail and not such as to make the statement of fact in the application misleading, such testimony should not be rejected.

*Matter of Farley*, 157 App. Div. 918, affirmed.

(Argued June 2, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 20, 1913, which affirmed an order of Special Term denying a motion for the revocation and cancellation of a liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Louis M. King* and *A. M. Sperry* for appellant. The court erred in excluding testimony. (Wharton's Crim. Ev. [8th ed.] § 262; *People* v. *Stout*, 4 Park. Crim. Cas. 71; *Matter of Lyman* v. *Speidel*, 163 N. Y. 536; *Matter of Purdy* v. *Driscoll*, 40 App. Div. 133; *Matter of Halburn* v. *Canavan*, 30 Misc. Rep. 515; *Matter of Peck* v. *Cargill*, 176 N. Y. 391; *Matter of Cullinan* v. *Micha*, 76 App. Div. 362; 173 N. Y. 610; *Matter of Cullinan* v. *Kray*, 82 App. Div. 445; *Matter of Cullinan* v. *Lehr*, 40 Misc. Rep. 423; *Matter of Wheaton* v. *Slattery*, 96 App. Div. 102; *Matter of Cullinan* v. *Neus*, 41 Misc. Rep. 392.)

*John Bogart* and *Isidore Weckstein* for respondent. The court properly excluded the testimony of witnesses

referred to in the appellant's brief. (L. 1909, ch. 39, § 27, subd. 2; *Matter of Purdy*, 40 App. Div. 133; *Matter of Cullinan*, 76 App. Div. 362; 173 N. Y. 610; *People* v. *Drum*, 127 App. Div. 241; *People* v. *Miller*, 81 App. Div. 255.)

CHASE, J. This is a proceeding under the Liquor Tax Law, Cons. Laws, ch. 34 (section 27, subd. 2), brought to obtain an order revoking and canceling a liquor tax certificate held by the respondent, for permitting the premises described therein to become disorderly. The question whether the respondent permitted the premises described in said certificate to become disorderly was one of fact. It is not claimed that this court can reverse the findings of fact, but it is urged that certain evidence received at the trial was erroneously stricken from the record by the court at Special Term.

It is necessary by the express terms of the statute to state in the petition the facts upon which the application for the revocation of the liquor tax certificate is based. A petition upon information and belief is wholly insufficient. (*Matter of Peck* v. *Cargill*, 167 N. Y. 391; *Matter of Wheaton* v. *Slattery*, 96 App. Div. 102.) Such a petition may be supplemented by affidavits annexed thereto and referred to therein, in which the facts upon which the petition is based are positively stated. (*Matter of Cullinan* [*Micha Certificate*], 76 App. Div. 362; affd., 173 N. Y. 610.) The petition including accompanying affidavits, if any, making up the application under the statute must apprise the certificate holder of the facts on which the application is based and evidence can be given upon the trial so far as the facts are fairly called to the attention of the certificate holder by the application but not otherwise. (See *Matter of Plass*, 71 App. Div. 488; affd. on opinion below, 175 N. Y. 524.) Evidence of an occurrence or conversation which is independent of one described or narrated upon knowledge in

the application should not be received on the trial of an issue joined by the petition and answer. We do not think, however, that testimony of an occurrence described or of a conversation narrated in an application should be rejected at the trial so long as it is confined generally to the particular facts upon which the application is based, and a variance, if any, is of detail and not such as to make the statement of fact in the application misleading. To sustain the admission of testimony it must be within the substantial scope of the recitals in the application. At least the major part of the evidence stricken out at Special Term in this proceeding did come within the substantial scope of the particular facts stated in the application. The ruling of the court in striking out such evidence was error. It should have been retained because it was within the general scope of the application or in any event but an unimportant variance in the detail of the conversation.

The evidence stricken out was not, however, of sufficient weight in connection with the other testimony received to require that the order be reversed because such evidence was not considered by the court at the Special Term upon the determination of the issues or by the Appellate Division in passing upon the weight of evidence.

The order should be affirmed; with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK and CARDOZO, JJ., concur; HOGAN and MILLER, JJ., dissent.

Order affirmed.