In the Matter of the Petition of WILLIAM W. FARLEY, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling a Liquor Tax Certificate Issued to ROSA L. BARRICK, Respondent.

Liquor tax certificate — proceeding to revoke and cancel certificate must be commenced during the life thereof.

Although a proceeding to revoke and cancel a liquor tax certificate under section 27 of the Liquor Tax Law (Cons. Laws, ch. 34), commenced during the life of the certificate need not be terminated within that period (*Matter of Farley*, 161 App. Div. 205, approved), such a certificate may not be revoked in a proceeding commenced after the expiration of the term for which it was issued upon the ground that during the period covered by the certificate the premises designated in it were permitted to become disorderly.

*Matter of Farley* v. *Barrick*, 165 App. Div. 979, affirmed.

(Submitted January 6, 1915; decided February 25, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 16, 1914, which affirmed an order of Special Term denying an application for the revocation of a liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Louis M. King* and *A. M. Sperry* for appellant. A liquor tax certificate may be revoked after the term for which it was issued has expired. (*Van Vleck* v. *Coonan*, 2 L. T. L. Rep. 330; *Matter of Lyman*, 48 App. Div. 275;

*Matter of Goodman,* 146 N. Y. 286; *Matter of Schuyler,* 32 Misc. Rep. 222; *Matter of Hanson* v. *Howard,* 66 N. Y. Supp. 1133; *Matter of Farley* v. *Mehlsack,* 85 Misc. Rep. 579; *Clement* v. *Moore,* 135 App. Div. 723.)

*K. Henry Rosenberg* for respondent.  Proceedings to cancel a liquor tax certificate after its expiration for offenses alleged to have been committed during its life cannot be maintained. (*Niles* v. *Mathusa,* 162 N. Y. 546; *Lyman* v. *Schermerhorn,* 53 App. Div. 32; 167 N. Y. 113; *People ex rel. Ochs* v. *Hillard,* 81 App. Div. 71; 178 N. Y. 582; *B. B. Brewing Co.* v. *Gehl,* 154 App. Div. 948; *Matter of Cullinan* v. *Garfinkle,* 114 App. Div. 509; *Matter of Hanson,* 66 N. Y. Supp. 1133; *Matter of Lyman* v. *Monahan,* 48 App. Div. 275; 28 Misc. Rep. 408; *Matter of Farley,* 161 App. Div. 205; *Matter of Schuyler,* 32 Misc. Rep. 221; *Lyman* v. *Cheever,* 168 N. Y. 43.)

COLLIN, J.  The single question which remains open to review, under the unanimous decision of the Appellate Division affirming the order of the Special Term, is, whether or not a liquor tax certificate may be revoked in a proceeding under section 27 of the Liquor Tax Law (Consolidated Laws, ch. 34) commenced after the expiration of the term for which it was issued, upon the ground that during the period covered by the certificate the premises designated in it were permitted to become disorderly.

The section provides: "At any time after a liquor tax certificate has been issued to any person  *  *  *,  said liquor tax certificate may be revoked and canceled if material statements in the application of the holder of such certificate were false, or if the consents required by section fifteen are not properly filed as required by said section, or if, the holder of said certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors, or if any provision of this chapter is

violated at the place designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate * * *, or if the holder of said certificate shall violate any of the provisions of this chapter at any place." (Section 27, subdivision 2.) The period covered by the certificate issued to the respondent expired September 30, 1913. The proceeding was commenced January 5, 1914.

A liquor tax certificate is the printed and written acknowledgment, in statutory form, by the authorized representative of the state, of the receipt from the applicant for it of the statutory sum for the excise tax on the business of trafficking in liquors at a designated place for a designated term. It is evidence to the public of the right of its lawful holder to so traffic, and so long as that right is exercised under it, it must be conspicuous within the designated place. At the termination of the term or upon its surrender within the term, it becomes exhausted and impotent for the purposes for which it was issued.

We are confident, from the language, that the legislature intended and expressed the intention in enacting subdivision 2 of section 27 that a proceeding to revoke and cancel a liquor tax certificate must be commenced within the term designated in it or before a surrender of it within that term. The proceeding cannot be instituted unless the certificate is held by somebody. Grounds for the proceeding are that " the holder of said certificate " was not for any reason entitled to receive or hold it, or to traffic in liquors, or had violated a provision of the law " at the place designated in said certificate as the place where such traffic is to be carried on * * *." It is instituted against " the holder of such certificate," who is restrained at its commencement " from transferring or surrendering such certificate for rebate " except as provided, and may be restrained from trafficking under the certificate. A final order of revocation and cancellation must " provide that the holder of said liquor

tax certificate, or any other person having such certificate in his possession or under his control, shall forthwith surrender said certificate * * *" and upon its proper entry, filing and service "all the rights of the holder of said liquor tax certificate under such certificate, to traffic in liquors or to any rebate thereon under this chapter, shall cease; and the holder of said liquor tax certificate, or any other person having such certificate in his possession or under his control * * * shall immediately surrender said certificate to the officer who issued the same, or to his successor in office." These provisions are not apposite to a certificate lifeless and effectless through the expiration of its term or a surrender within the term. Moreover, it is quite clear and unquestionable that the proceeding when based upon false statements in the application, or failure to properly file the consents required, or the absence of the right of the holder of the certificate to have received or to hold it, must be commenced within the designated term or before the surrender. The legislature would not naturally have intended that the words "at any time," when applied to either of those grounds, meant at any time within the life of the certificate and when applied to the ground that the holder of the certificate had violated a provision of the Liquor Tax Law, meant at any time whatsoever or at any time within the general Statute of Limitations.

The appellant calls attention to the provision of subdivision 8 of section 15 of the Liquor Tax Law as follows: "and if the violation of law for which the cancellation or forfeiture of said certificate was had was that the holder thereof, or his agent, had suffered or permitted said certificated premises * * * to become disorderly * * *, no new certificate shall be issued for said premises to any person for the period of one year from the date of the entry of a final order canceling such certificate * * *," and argues that it reveals a legislative intention that the certificate shall continue to exist

after the expiration of the term in order that through its cancellation the premises so used may be penalized. We think he errs. The conclusion we have reached and the provision are in harmony. The provision is effective whenever a proceeding for cancellation, commenced during the life of the certificate on the ground that the premises are or have been disorderly, results in the final order of cancellation. It or its context does not indicate that it should modify or change the clear meaning and effect of subdivision 2 of section 27.

We approve the decisions of the Appellate Division that a proceeding to revoke and cancel commenced need not be terminated within the life of a certificate. (*Matter of Farley,* 161 App. Div. 205.)

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.