In the Matter of the Petition of WILLIAM W. FARLEY, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate Issued to NELLIE A. KELLEY, Appellant.

Liquor tax — revocation of certificate — when offenses of prior holder not provable.

Where the holder of a liquor tax certificate is not the assignee of her predecessor, and her certificate has been issued to her as an original holder, her predecessor's offenses under another license are not provable to her prejudice in a proceeding to revoke her certificate.
*Matter of Farley* v. *Kelley*, 167 App. Div. 955, affirmed.

(Argued January 10, 1916; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

March 3, 1915, which affirmed an order of Special Term revoking and canceling a liquor tax certificate.

*Fred J. Sisson* for appellant.

*Louis M. King* and *A. M. Sperry* for respondent.

CARDOZO, J.   On September 30, 1912, a liquor tax certificate was issued to the appellant, Nellie A. Kelley; and the certificate has been revoked in this proceeding on the ground that the holder permitted the premises to become disorderly.   To sustain this charge the petitioner was allowed to prove that one Charles W. Kelley held a certificate during the previous year, and that for an offense committed while he held it, he was indicted and convicted. This ruling was erroneous.   The appellant was not the assignee of Charles W. Kelley; her certificate had been issued to her as an original holder; and her predecessor's offenses under another license were not provable to her prejudice.   If, however, the evidence erroneously admitted were eliminated, enough evidence would be left to justify and indeed to require the order of revocation.   The error, therefore, is one that may properly be disregarded (Code Civ. Pro., sec. 1317).

The point is also made that there are defects in the form of the petition.   For the reasons stated in *Matter of Farley* v. *Wurz*, decided herewith (217 N. Y. 105), this objection is untenable.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK, SEABURY and POUND, JJ., concur.

Order affirmed.