In the Matter of the Petition of WILLIAM W. FARLEY, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling a Liquor Tax Certificate Issued to JULES E. RUSS and Transferred to JOSEPH WURZ, Appellant.

Liquor tax certificate — petition to revoke certificate — when it may not be dismissed because allegations thereof are on information and belief — evidence — judgment of conviction for disorderly conduct against former holder of certificate after transfer thereof not evidence against new holder thereof.

1. After a trial upon the merits an objection to the form of the petition to revoke a liquor tax certificate that its allegations are on information and belief, and that there is no sufficient statement

of the sources of the petitioner's information or the grounds of his belief, does not require the dismissal of the proceeding. (*Matter of Peck* v. *Cargill*, 167 N. Y. 391; *Matter of Plass*, 71 App. Div. 488; 175 N. Y. 524; *Matter of Farley*, 212 N. Y. 299, distinguished.)

2. A judgment rendered on a plea of guilty against a former holder of the certificate made after its transfer is not evidence against the new holder (Liquor Tax Law, § 15, subd. 8). As against him, the violation of the law must be established by independent evidence since the rule that an estoppel binds privies as well as parties applies only to a privity arising after the event out of which the estoppel arises.

*Matter of Farley* v. *Wurz*, 164 App. Div. 967, reversed.

(Argued January 10, 1916; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 17, 1914, which affirmed an order of Special Term revoking and canceling a liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Timothy Curtin* and *Frederick J. Sisson* for appellant. The petition did not state facts sufficient to give the court jurisdiction. (*Thanser* v. *Brien*, 139 App. Div. 14; *People ex rel. Perkins* v. *Moss*, 187 N. Y. 418; *Matter of Farley*, 212 N. Y. 299; *Matter of Peck* v. *Cargill*, 167 N. Y. 391; *Matter of Clement* v. *Moore*, 127 App. Div. 915; 193 N. Y. 609; *Matter of Plass*, 71 App. Div. 488; 175 N. Y. 524; *Matter of Wheaton* v. *Slattery*, 96 App. Div. 105; *Matter of Bischoff*, 80 App. Div. 326; *Eichener* v. *Metropolitan Street R. Co.*, 114 App. Div. 248.) The petitioner failed to prove a case that would warrant the court in finding for the petitioner or to make an order revoking the tax certificate. (*Matter of Farley*, 212 N. Y. 302; *Matter of Clement* v. *Moore*, 127 App. Div. 915; 193 N. Y. 609; *Peck* v. *Cargill*, 167 N. Y. 391; *People* v. *Drum*, 127 App. Div. 241; *People* v. *Cascone*, 185 N. Y. 317; *Van Bokkelen* v. *Berdell*, 130 N. Y. 141; *People* v. *Crapo*, 76 N. Y. 288; *People* v. *Veld*, 154 App. Div. 758; *People* v. *Morrison*, 195 N. Y. 116.)

*Louis M. King* and *A. M. Sperry* for respondent. The petition stated facts sufficient to give the court jurisdiction. (*Matter of Lyman* v. *Speidel,* 163 N. Y. 536; *Matter of Purdy* v. *Driscoll,* 40 App. Div. 133; *Matter of Halbran* v. *Canavan,* 30 Misc. Rep. 515; *Matter of Farley* v. *Schultz,* 212 N. Y. 591; *Matter of Farley* v. *Percoco,* 216 N. Y. 652.) The court did not err in admitting and receiving in evidence the indictment and record of conviction of the defendant Sage. (*Cullinan* v. *Gretes,* 104 App. Div. 206; *McDonald* v. *Gregory,* 41 Iowa, 513; *Douglas* v. *Ferris,* 138 N. Y. 192; *Allen* v. *Kelly,* 55 App. Div. 454; *Johnson* v. *Ayres,* 18 App. Div. 495; *Harrison* v. *Clark,* 87 N. Y. 572; *Deobold* v. *Opperman,* 111 N. Y. 531; *Toucey* v. *Schell,* 15 Misc. Rep. 350; *Farley* v. *Buttner,* 165 App. Div. 347; *Farley* v. *Patterson,* 166 App. Div. 35.)

CARDOZO, J. The proceeding is one to revoke a liquor tax certificate. In October, 1912, a license to traffic in liquors during the year ending September 30, 1913, was granted to one Russ. On March 14, 1913, he applied for the transfer of his certificate to the appellant Wurz, and on his statement that he had not violated any of the provisions of the Liquor Tax Law, the transfer was made. The truth is that on the same day he was indicted for using the licensed building as a disorderly house (Penal Law, § 1146). In the following June, he was convicted of that crime. On September 27, 1913, three days before the term of the certificate expired, this proceeding was begun (*Matter of Farley* v. *Barrick,* 214 N. Y. 212).

At the outset, the petition is attacked as insufficient. Its statement in substance is that Russ, while the holder of the license, kept and maintained the building as a house of ill-fame. Such an offense committed before the assignment of the certificate, would justify its revocation as against the assignee (*Matter of Cullinan,* 104 App. Div. 205; 185 N. Y. 546; *Matter of Farley,* 151 App.

Div. 456; Liquor Tax Law [Cons. Laws,.ch. 34], § 26). The criticism of the petition is that its allegations are on information and belief, and that there is no sufficient statement of the sources of the petitioner's information or the grounds of his belief.

We think that after a trial upon the merits, this objec-tion to the form of the petition does not require the dis-missal of the proceeding. A petition in these proceedings has a twofold function. It has a function as a pleading; and it has a function as evidence (*Matter of Clement* v. *Cohen,* 116 App. Div. 148,. 152). We held in *Peck* v. *Cargill* (167 N. Y. 391) that it did not discharge this lat-ter function where .its allegations were made upon infor-mation and belief, unless there was a sufficient state-ment of the sources of information and the grounds of belief. (See also erratum note to *Peck* v. *Cargill,* in 168 N. Y. on page before table of cases.) We likened the proceeding to an application for an attachment; and our ruling was that even though the holder of the certifi-cate made default, *evidence* was necessary to justify a forfeiture. This evidence might be supplied by support-ing affidavits of witnesses who spoke of their own knowl-edge. It might be supplied, as upon applications for attachments or injunctions, by appropriate statements.of the sources of the petitioner's information and the grounds of his belief (*Matter of Farley* v. *Noar,* 212 N. Y.. 299). But averments on information and belief, without more, though sufficient as a pleading when made by a party (Code Civ. Pro., section 526), have no value as evidence (*Hoormann* v. *Climax Cycle Co.,* 9 App. Div. 579, 585). This conclusion was thought to be the more necessary, because the order to show cause which initiates such a proceeding, must contain an injunction restraining the transfer or surrender of the certificate until the proceeding has been terminated (Liquor Tax Law, § 27, subd. 2). That injunction is not to be confused with an injunction restraining the continuance of the business, which the

statute says is not to be granted where the petition is on information and belief unless there is also an affidavit "containing positive averments made by witnesses having personal knowledge." This provision came into the statute for the first time by an amendment adopted in May, 1901, while the case of *Peck* v. *Cargill* (*supra*) was under consideration by this court (L. 1901, ch. 640). The injunction restraining the transfer of the certificates, unlike one restraining the continuance of the business, does not require affidavits upon positive knowledge, but it does require a statement of the sources of information and the grounds of belief. Our ruling in *Peck* v. *Cargill* (*supra*) was based, therefore, upon the need of evidence to justify relief, either provisional or final. When the opinions in later cases (*Matter of Plass*, 71 App. Div. 488; 175 N. Y. 524; *Matter of Farley*, 212 N. Y. 299) are confined to the actual decisions, they are seen to hold nothing to the contrary.

We are confronted in this case with a very different problem. As evidence the petition may have been defective because of the sparse statement of the sources of information; but as a pleading it was adequate. It apprised the appellant of the offense that was charged, even though, standing alone, it did not *prove* the offense. The appellant filed an answer, the case was tried upon the merits, and the pleading has now been supplemented by evidence. In such a situation, to nullify the order because the petition, though adequate as a pleading, was inadequate as proof, would be to lose sight of the reason which dictated our earlier decisions. A forfeiture will be ordered only after proof; but if proof has been supplied, the holder's rights have been protected.

To sustain the charge that the premises were disorderly, the court received in evidence the judgment of conviction rendered against Russ after the appellant had become the holder of the certificate. This ruling was plainly error. If the judgment of conviction had been

rendered while Russ was the holder of the certificate (Liquor Tax Law, § 15, subd. 8), a different question would be before us.   But a judgment rendered on a plea of guilty after the transfer of the certificate is not evi- dence against the new holder.   As against him, the vio- lation of the law must be established by independent evidence.   The rule that an estoppel binds privies as well as parties "applies only to a privity arising after the event out of which the estoppel arises" (*Masten* v. *Olcott*, 101 N. Y. 152, 161; *Zoeller* v. *Riley*, 100 N. Y. 102, 109; *Keokuk & W. R. R. Co.* v. *Missouri*, 152 U. S. 301, 314).   If the equitable doctrine of *lis pendens* is ever applicable to such certificates (*Holbrook* v. *New Jersey Zinc Co.*, 57 N. Y. 616, 629, 630; *Presidio County* v. *Noel-Young Bond & Stock Co.*, 212 U. S. 58, 77), this case is not within it.   The criminal prosecution was not a litigation directly affecting the *res* acquired by the pur- chaser (*Zoeller* v. *Riley, supra; Green* v. *Rick*, 121 Pa. St. 130, 141; *Houston* v. *Timmerman*, 17 Ore. 499, 505). Indeed, it is not even shown that the purchase was sub- sequent to the filing of the indictment.   We perceive, therefore, no theory that is adequate to support the ruling. To justify us in disregarding such an error, we must be able to see that without the judgment of conviction there would still be evidence to sustain the order of revocation. We have, therefore, looked into the record to discover whether there is such evidence, and we cannot find it. The most that is shown is that some women of loose character dined or supped in the appellant's restaurant. That is not enough.

The order should be reversed, with costs to abide the event, and the case remitted to the Special Term for further proceedings in conformity with this opinion.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE- BACK, SEABURY and POUND, JJ., concur.

Order reversed, etc.