THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Plaintiff, v. MICHAEL ZAPPOLO, Defendant.

City Court of New York, New York County, June 28, 1934.

*Phillips, Mahoney, Leibell & Fielding [Jeremiah T. Mahoney and John E. McAniff of counsel], for the motion.*

*Harold L. Cowin* opposed.

SCHIMMEL, J. The plaintiff, surety under a bond written pursuant to section 83 of the Alcoholic Beverage Control Law which went into effect April 12, 1933 (Laws of 1933, chap. 180), seeks to recover from the defendant, who is the principal under the bond, the penal sum therein stipulated. Such sum was heretofore paid in full by the plaintiff to the Alcoholic Beverage Control Board.

The bond was conditioned upon non-violation by the principal of the provisions of the Alcoholic Beverage Control Law or the rules of the Alcoholic Beverage Control Board, made pursuant to the law.

The defendant, in his application to the plaintiff company for the issuance of the bond, agreed with it " To indemnify and keep indemnified * * * and save it harmless from and against any and all liability, losses, costs, damages * * * and expenses, of whatever kind or nature which the company [plaintiff] may sustain or incur by reason or in consequence of having executed or procured the execution of the bond." Defendant likewise agreed in his application that a " Copy of any voucher, sworn itemized statement or other evidence of payment of any of the foregoing shall be *prima facie* evidence of the liability of the undersigned [defendant] therefor, it being understood that the undersigned shall be liable for all such payments made in good faith in the belief that the company was liable therefor * * * whether or not they were actually necessary."

The Alcoholic Beverage Control Board, on September 20, 1933, while the bond was in force, caused a notice to be mailed to the defendant directing him to show cause before it on September 25, 1933, why his license should not be revoked for reasons therein specified.

During the day on which the Board mailed the aforesaid notice, the defendant, also by mail, sent a letter to the Board surrendering or purporting to surrender his license.

When the Board met on September 25, 1933, defendant's counsel appeared before it and contended that the Board was without jurisdiction to hear the charges because the defendant had already surrendered his license. The Board rejected this contention, whereupon defendant's counsel withdrew from the room. The Board then proceeded with the hearing, neither the defendant nor his

counsel being present, and at the conclusion thereof made its order revoking defendant's license upon all the grounds specified in the notice of hearing.

This done, the Board next wrote to the plaintiff surety company, demanding payment of $2,500, that being the penal sum specified in the bond. Thereafter and without notice to the defendant, the plaintiff paid the sum in question to the Board, after which the plaintiff's attorneys wrote to the defendant demanding reimbursement; defendant failed to respond, whereupon this action was commenced. Plaintiff now moves for summary judgment.

Plaintiff relies solely on the action of the Board in revoking defendant's license and upon proof of the payment it made in compliance with the Board's demand.

Defendant's surrender or attempted surrender of his license under the circumstances herein recited did not constitute a bar to the action of the Board in revoking his license after a hearing to which he was summoned. (*Matter of Farley*, 161 App. Div. 205; cited with approval in *Matter of Farley* v. *Barrick*, 214 N. Y. 212.)

There is no doubt that, both under the conditions of the bond and under the provisions of the law, a single violation of the law or of the rules of the Board made pursuant thereto would result in a forfeiture of the penal sum named in the bond and in the liability of principal and surety for the full amount thereof. (Alcoholic Beverage Control Law [Laws of 1933, chap. 180], § 83; *Lyman* v. *Perlmutter*, 166 N. Y. 410; *People ex rel. Hill* v. *United Surety Co.*, 120 App. Div. 655.)

It is to be noted that each of the specific causes for revocation of license set out in section 86 of the Alcoholic Beverage Control Law constitutes a violation of law sufficient in itself to bring about a forfeiture of the penal sum provided in the bond. (Alcoholic Beverage Control Law, § 83.)

The general provision in section 86 that a license may be revoked " for cause " must be construed to apply only to violations of the law or of legally adopted rules of the Board of a kind within the power of the Board to make.

The court will not assume that the Board acted arbitrarily and that it revoked defendant's license illegally and without the occurrence of a violation of the Alcoholic Beverage Control Law or of a proper rule of the Board. It will, however, in view of the defendant's failure to answer the charges the Board made against him or to seek a review of its findings, indulge in the presumption that the action of the Board was wholly legal and the proof before it competent and adequate to sustain the revocation order.

Defendant's failure to answer the charges before the Board or to seek a review, judicial or otherwise, of its findings, is forcefully indicative of defendant's unwillingness and probable inability to meet the charges against him. Certainly defendant's retreat from these charges and his quiescence notwithstanding the adverse action of the Board, fully warranted plaintiff's belief that a violation which worked a forfeiture of the penalty stipulated in the bond had occurred, and justified plaintiff in making payment to the Board without waiting for a lawsuit which would entail expense.

Moreover, defendant's refusal to meet the charges and his failure to challenge the findings preclude him from questioning plaintiff's good faith in complying with the Board's demand for the payment of the penalty. It is to be remembered that under his agreement with the plaintiff, the defendant became liable to plaintiff for any payment which the latter might make in good faith. When it had proved that it made the payment under the circumstances hereinbefore narrated, plaintiff *prima facie* proved its case; defendant does not overcome the effect of such proof by his present denial that he violated any of the provisions of the Alcoholic Beverage Control Law or any of the rules of the Board; the defendant does not show that the action of the Board was unwarranted or based upon insufficient evidence. There is not here presented the slightest evidence that the plaintiff in any way acted in bad faith when it made the penal payment to the Board.

Plaintiff's motion for summary judgment against the defendant for the relief demanded in the complaint is granted.