T. G. LEITCH, Respondent, v. SAMUEL CUMMINS, Appellant.

First Department, May 7, 1937.

*Henry Pearlman* of counsel [*Claudia Pearlman* with him on the brief], for the appellant.

*Israel Hoffman* of counsel [*Bernard Samuels* with him on the brief; *Samuels & Spaet,* attorneys], for the respondent.

UNTERMYER, J. The action is for reimbursement on account of the payment by the plaintiff of two promissory notes made by him to the order of one M. Warren Reid as part of the consideration of the purchase price of property situated in Miami, Fla. In connection with the subsequent sale of his property by the plaintiff to the defendant, the defendant assumed the plaintiff's obligation to Reid on these notes. The notes not having been paid at maturity, Reid commenced an action against the plaintiff in Florida and recovered a judgment which was satisfied by payment by the plaintiff of $16,000. The present action is to recover the amount so paid with interest. The defendant's answer asserts, in substance, that the plaintiff did not own the property conveyed, which was described in the deed as " Lots E-6 and E-7 of Bay Serena," but that he owned other property known as " Lots E-6 and E-7 * * * of Causeway Fill " and that when this discrepancy was discovered the plaintiff agreed to satisfy the two notes to Reid, payment of which had previously been assumed by the defendant.

The plaintiff's deed to the defendant is ambiguous in the description of the premises conveyed. It refers to " Lots E-6 and E-7 of Bay Serena according to Plat of Bay Serena recorded in Plat Book 7, page 135, of the Public Records of Dade County, Florida." There are no " Lots E-6 and E-7 of Bay Serena." There are certain lots 6 and 7 of Bay Serena which is shore-front property and there are certain lots E-6 and E-7 of " Causeway Fill " which are not shore-front lots.

The defendant offered proof that the property intended to be conveyed was the shore-front lots 6 and 7 of Bay Serena and that

the plaintiff did not have title to these. He also testified to conversations with the plaintiff after the alleged error was discovered, in which the plaintiff had agreed to satisfy the notes to Reid, thus releasing the defendant from the liability which he had assumed in connection with the notes. All this evidence was stricken out by the trial court, apparently on the theory that the judgment in the Florida action by Reid against the plaintiff involving a similar issue was conclusive against the defendant as to the property intended to be conveyed. The defendant, however, was not a party to the Florida action and the judgment therein was, therefore, not available for that purpose. (*Matter of Farley* v. *Wurz*, 217 N. Y. 105; *Campbell* v. *Hall*, 16 id. 575; *Zoeller* v. *Riley*, 100 id. 102.) Consequently, since the deed was ambiguous, the defendant should have been permitted to establish the intentions of the parties concerning the particular property to be conveyed and that the plaintiff had failed to give title because he did not own the property. The defendant should also have been permitted to establish that when the alleged error was discovered, the plaintiff undertook to pay these notes to Reid, thus discharging the defendant's liability thereon.

We do not suggest that the trial court would necessarily have reached any different conclusion if the defendant's testimony had been permitted to stand. We merely hold that the testimony was material and should not have been stricken out but should have been accorded such weight as it deserved in the light of all the circumstances.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.