ELIAS SHILOWITZ, Respondent, v. ANNA WADLER and Others, Defendants, Impleaded with MONTICELLO LUMBER CO., INC., Appellant.

Third Department, December 30, 1932.

*Aks & Pokras* [*Benjamin Pokras* of counsel], for the appellant.

*Ellsworth Baker* [*Morris M. Oppenheim* of counsel], for the respondent.

VAN KIRK, P. J. The appeal is from a judgment foreclosing a purchase-money mortgage which was dated April 4, executed April 7 and recorded April 15, all in 1931. The chief question presented is whether a lien filed by appellant for materials furnished

and used in making improvements on the property covered by the mortgage has priority over the mortgage.

Anna Wadler, the mortgagor, purchased the mortgaged property from the plaintiff. Her deed was recorded at the same time with the purchase-money mortgage. Intending to purchase and improve this property, Anna Wadler, on March 24, 1931, had made a contract with Max Zall, by the terms of which he was to make the contemplated improvements at a fixed price. Work on these improvements was begun about April 1, 1931. On April 6, 1931, the first materials were furnished by appellant; it continued to furnish materials and its lien was duly and regularly filed December 24, 1931.

Appellant claims priority for its lien because the mortgage does not contain the trust covenant required by subdivisions 2 and 3 of section 13 of the Lien Law.

The court has found: "That said mortgage was a purchase money mortgage given to secure a portion of the purchase price of said premises," and refused to find that subdivision 2 of section 13 of the Lien Law is applicable to purchase-money mortgages; also refused to find that the lien of the defendant Monticello Lumber Co., Inc., is paramount and prior in law to the plaintiff's mortgage. Subdivisions 2 and 3 of section 13 of the Lien Law (added by Laws of 1929, chap. 515, as amd. by Laws of 1930, chap. 859, and Laws of 1932, chap. 627) provide:

" 2. When a building loan mortgage is delivered and recorded a lien shall have priority over advances made on the building loan mortgage after the filing of the notice of lien; but such building loan mortgage, whenever recorded, to the extent of advances made before the filing of such notice of lien, shall have priority over the lien, provided it or the building loan contract contains the covenant required by subdivision three hereof, and provided the building loan contract is filed as required by section twenty-two of this chapter. *Every* mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof shall, *to the extent of advances made before the filing of a notice of lien,* have priority over liens thereafter filed *if* it contains the covenant required by subdivision three hereof.

" 3. Every such building loan mortgage and every mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion of the improvement shall contain a covenant by the mortgagor that he will receive the advances secured thereby as a trust fund to be applied first for the purpose of paying the cost of improvement, and that he will apply the same first to the payment of the

cost of improvement before using any part of the total of the same for any other purpose, provided, however, that if the party executing the building loan contract is not the owner of the fee but is the party to whom such advances are to be made, a building loan contract executed and filed pursuant to section twenty-two of this chapter shall contain the said covenant by such party executing such building loan contract, in place of the covenant by the mortgagor in the building loan mortgage as hereinbefore provided. Nothing in this subdivision shall be considered as imposing upon the lender any obligation to see to the proper application of such advances by the owner; *and nothing in this section, nor in that portion of section two of this chapter, defining ' cost of improvement ' shall be deemed to impair or subordinate the lien of any mortgage containing the covenant required by this subdivision.*"

The provisions in italic were inserted by the amendment of 1932, which took effect on July 1, 1932, after entry of judgment herein, but otherwise the quoted provisions follow the amendment of 1930, which was existent at the times in question. The provisions relative to a building loan mortgage were first added by the amendment of 1929. These subdivisions do not apply to a purchase-money mortgage. No advances are to be made under such a mortgage; it stands as evidence that there is an unpaid balance of the purchase price due the seller. The mortgagee has not loaned money to the mortgagor, nor has he agreed to advance any in the future. These subdivisions apply to mortgages given to secure advances or for money borrowed. In such mortgages only could there be a covenant by the mortgagor that he will receive the advances secured thereby as a trust fund to be applied first for payment of the cost of improvement and that he will apply the same first to the payment of the cost of improvement.

This is not a case in which the grantor had begun improvements before the land was conveyed, subject to a purchase-money mortgage, or in which the grantor knew of improvements contracted for or intended to be made by his grantee. The court in this case has found that this plaintiff, grantor, did not know of any dealer's contract with Zall or of the grantee's intent to improve the property when she had acquired it.

Subdivision 4 of section 13 of the Lien Law (as added by Laws of 1932, chap. 627) is as follows: " Nothing in subdivision two or three of this section shall apply to any mortgage given by a purchaser for value from an owner making the improvement and recorded prior to the filing of a lien pursuant to this chapter, provided the instrument of conveyance contains the provisions mentioned in subdivision five herein." And subdivision 5 of section 13 of the

Lien Law (as added by Laws of 1932, chap. 627) provides: " No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed during the said period, unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose." These two subdivisions, which did not take effect until July 1, 1932, after the entry of judgment herein, evidently apply to a case where the owner is making the improvements at the time he conveys the property and not to a case such as this before the court.

The common-law rule is that a purchase-money mortgage has priority over all rights, claims, judgments or liens of any kind. (41 C. J. 528; *Pope* v. *Mead*, 99 N. Y. 201; Wiltsie Mort. Forec. [4th ed.] § 271.) Nothing in section 13 of the Lien Law has changed the common-law rule. There is no defense in this case charging fraud in the sale of the property or in the execution of the purchase-money mortgage.

At the trial the plaintiff put in evidence the bond and the mortgage. Mr. Baker was then sworn and testified that he had computed the interest. Plaintiff then rested his case. Plaintiff had alleged a default in payment of interest due October 1, 1931. The appellant took the position that the question of default is directly in issue and moved to dismiss the complaint on the ground that plaintiff had failed to prove the alleged default. The court ruled that the evidence as produced establishes the presumption that the interest due has not been paid. Anna Wadler filed no answer, did not appear. This appellant did deny the allegation that a default had occurred. But payment is an affirmative defense; it was not alleged and no proof was offered to show payment. We think no prejudicial error has been made in this respect.

The judgment should be affirmed, with costs.

HINMAN, HILL, RHODES and CRAPSER, JJ., concur.

Judgment affirmed, with costs.