CONTINENTAL CASUALTY COMPANY, Appellant, *v.*
NATIONAL SLOVAK SOKOL, INC., Respondent.

(Argued November 18, 1935; decided January 7, 1936.)

*Jeremiah T. Mahoney* and *John E. McAniff* for appellant. It is not necessary for the State Alcoholic Beverage Control Board to bring suit and to recover judgment on a bond issued under chapter 180 of the Laws of 1933,

in order to fix the liability of principal and surety on such bond to the People of the State of New York. (*People ex rel. Hill* v. *United Surety Co.*, 120 App. Div. 655; *755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157; *Lyman* v. *Perlmutter*, 166 N. Y. 410; *Fidelity & Casualty Co.* v. *Zappolo*, 153 Misc. Rep. 258; *Clement* v. *Reavley*, 126 App. Div. 215; *Cullinan* v. *Burkard*, 93 App. Div. 31; *United States* v. *Orth*, 59 Fed. Rep. [2d] 774; *United States* v. *Engelberg*, 2 Fed. Rep. [2d] 720; *United States* v. *Wandmaker*, 292 Fed. Rep. 24; *Matter of Frasch*, 245 N. Y. 174; *Lyman* v. *Rochester Title Ins. Co.*, 37 App. Div. 234; *Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171; *Sisson* v. *Todd*, 103 Misc. Rep. 99; 186 App. Div. 940; *Brewster* v. *Gage*, 280 U. S. 327; *Norwegian Nitrogen Products Co.* v. *United States*, 288 U. S. 294; *Costanzo* v. *Tillinghast*, 287 U. S. 341; *Bullock* v. *Cooley*, 225 N. Y. 566; *Holmes Electric Protective Co.* v. *Williams*, 228 N. Y. 407.) Plaintiff is entitled to recover, under the express terms of the indemnity agreement, the amount of the bond paid by plaintiff in good faith in the belief that it was liable therefor as surety on the bond, especially since such belief was induced by defendant's own conduct. (*Fidelity & Casualty Co.* v. *Zappolo*, 153 Misc. Rep. 258; *National Surety Co.* v. *Fulton*, 192 App. Div. 645.) Under chapter 180 of the Laws of 1933 a licensee, whose license has been revoked or canceled and whose bond has been forfeited by the State Alcoholic Beverage Control Board, may review the forfeiture of the bond. (*Matter of Gelces* v. *State Liquor Authority*, 154 Misc. Rep. 517; *People ex rel. Steward* v. *Railroad Commrs.*, 160 N. Y. 202; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Matter of Fenson* v. *State Liquor Authority*, 152 Misc. Rep. 446; *Reetz* v. *Michigan*, 188 U. S. 505; *Matter of Marwill Liquor Store, Inc.,* v. *State Liquor Authority*, 155 Misc. Rep. 489.) Defendant cannot in this action collaterally attack the determination of the State Alcoholic Beverage Control Board. (*Matter of Torge* v. *Village of Salamanca*, 176

N. Y. 324; *Woollcott* v. *Shubert*, 169 App. Div. 194; *Racine* v. *Morris*, 136 App. Div. 467; 201 N. Y. 240; *Seely* v. *Tioga County Patrons Fire Relief Assn.*, 165 App. Div. 685; *Bonat* v. *Crosswell*, 241 App. Div. 230.)

*Paul L. Bleakley* and *Joseph J. Harding* for respondent. It is necessary for the State Alcoholic Beverage Control Board to bring suit and to recover judgment on a bond issued under chapter 180 of the Laws of 1933 in order to fix the liability of principal and surety on such bond to the People of the State of New York. (*People ex rel. Kane* v. *Sloane*, 98 App. Div. 450; *Sage* v. *Brooklyn*, 89 N. Y. 190; *People* v. *Ryan*, 267 N. Y. 133; *People ex rel. Sanford* v. *Thayer*, 120 Misc. Rep. 571; *Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173; *City of Buffalo* v. *Neubeck*, 209 App. Div. 386; *City of Buffalo* v. *Schliefer*, 25 Hun, 275; *City of Buffalo* v. *Preston*, 81 App. Div. 480; *Matter of N. J. Fidelity & Plate Glass Ins. Co.*, v. *Van Schaick*, 236 App. Div. 223; 261 N. Y. 521.) The plaintiff, the alleged surety, if payment was made, being subrogated to the rights and liabilities of the Alcoholic Beverage Control Board and /or the People of the State of New York, is subject to the defenses of the principal against the State Board. (*Farrelly* v. *Schaettler*, 143 App. Div. 273; *Lissner* v. *Haynes Automobile Co.*, 105 Misc. Rep. 359; 188 App. Div. 935; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Cornell* v. *Travelers Ins. Co.*, 175 N. Y. 239; *National Surety Co.* v. *Fulton*, 192 App. Div. 645.) The defendant did not have the right to review the determination of the State Board in canceling the license and forfeiting the bond. (*People ex rel. Lahey* v. *Woodbury*, 102 App. Div. 333; *People ex rel. C. & H. R. R. Co.* v. *Public Service Comm.*, 195 N. Y. 157; *People ex rel. Cook* v. *Hildreth*, 126 N. Y. 360.) The alleged hearing afforded the defendant by the State Alcoholic Beverage Control Board violated its constitutional rights. (*People ex rel. Loughran* v. *Flynn*, 110 App. Div. 279; *Matter of Peck* v. *Cargill*, 167 N. Y. 391; *Matter of Grand-*

*view Dairy, Inc.,* v. *Baldwin,* 239 App. Div. 640; *Ives* v. *South Buffalo R. R. Co.,* 201 N. Y. 271; *Zimmerman* v. *Mulrooney,* 241 App. Div. 695.)

O'BRIEN, J.   In August, 1933, defendant was licensed by the State Liquor Authority to sell beer and, pursuant to section 83 of the Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B; L. 1933, ch. 180; reenacted as § 112 by L. 1934, ch. 478), plaintiff as surety and defendant as principal executed a bond in the sum of $1,000 to the People of the State conditioned upon the non-violation by defendant of any of the provisions of the Alcoholic Beverage Control Law or the rules of the State Board. On April 13, 1934, the Beverage Control Board served upon defendant a notice of hearing based upon charges that defendant's premises were not conducted as a *bona fide* restaurant and that liquor had been found upon the premises which had been licensed for the sale of beer only. A second notice, dated May 19, 1934, was served by the Board upon defendant in which was stated the fact that defendant's restaurant beer license had been canceled after a hearing.   A third notice, dated June 29, 1934, was served upon plaintiff as surety ·which recited that a hearing had been held on the charges dated April 13, 1934, the licensee had appeared at the hearing, proof had been taken and that defendant had been found guilty of the charges embraced in the notice of April 13, 1934. The notice of June 29, 1934, to plaintiff as surety assumed to declare the bond forfeited.

Irrespective of the Board's power or lack of it to declare the bond forfeited, there is no doubt of its authority to cancel the license.   Section 87 of chapter 180 of the Laws of 1933 conferred the right to a judicial review by certiorari of the revocation of a license.   Inasmuch as defendant admits that it consented to the cancellation, it did not and, of course, could not review it.   The cancellation of the license for violation of law, therefore, stands as valid.   It may not be collaterally attacked.

After the Board had undertaken to declare the bond forfeited and when it notified the surety of its declaration, it made demand upon the surety for payment of the sum provided for in the bond and the surety paid it. On these facts plaintiff sued to recover from its principal and moved for summary judgment. The order denying its motion was unanimously affirmed and the Appellate Division has certified eight questions for our determination.

The first question is: " 1. Under the law of the State of New York is it necessary for the State Alcoholic Beverage Control Board to bring suit and to recover judgment on a bond issued under the Alcoholic Beverage Control Law (Chap. 180, Laws of 1933), *in order to fix the liability of principal and surety on such bond,* to the People of the State of New York? " In answering a certified question we interpret it as concrete and as based on the particular record before us and not as an abstract question. (*Drake* v. *Herrman,* 261 N. Y. 414, 419.) We take this question as it is framed and not as if it requested an answer whether the Board is authorized to declare a bond forfeited without first obtaining a judgment. On the concrete facts in this case and on the first question as framed, we are not required to determine any issue of law whether the word " may " in section 83 of the statute is mandatory or permissive and whether the Board's omission to institute a suit to recover on the bond results in every instance in relieving a surety or a principal or both from liability.

This plaintiff as surety can, on the facts of this case, fix its own liability by concession and by payment and it has so fixed it. This defendant as principal can fix its own liability by agreement. The issue of law presented by the first certified question is whether, in view of the agreement between the parties, it has fixed its liability.

The complaint alleges that as a consideration for the execution of the bond by plaintiff, defendant agreed to

indemnify it against all liability, losses, costs, damages and expenses of every kind which plaintiff might sustain or incur by reason of the execution of the bond. This indemnity agreement executed August 10, 1933, provides that defendant will " indemnify and keep indemnified the Company and save it harmless from and against *any and all liability, losses,* costs, damages, attorneys and counsel fees and disbursements, and expenses, of whatever kind or nature which the Company may sustain or incur by reason or in consequence of having executed or procured the execution of the bond hereinabove applied for and/or any renewal, continuation, extension or successor thereof  *  *  *." Then follows an additional list of certain specified expenses which the company may sustain or incur for which the principal agrees to indemnify the surety. The part of the agreement above quoted constitutes a contract by which the principal is bound to reimburse the surety for every kind of liability or loss which may be sustained or incurred by reason of the execution of the bond by plaintiff. This agreement of course cannot be held to apply to a liability which might be assumed by the surety without reason where none can exist either in the present or the near future nor to a loss sustained otherwise than in the natural course of events. The liability or the loss to the surety must be such as normally arises from the execution of the bond.

If the fact be assumed that plaintiff prematurely admitted its liability on its bond to the People, nevertheless it must fairly be regarded as such a liability as the agreement contemplates and the loss which plaintiff sustained by payment of the face of the bond is also a loss within the meaning of the agreement. If by any possibility a defense could exist to such an action to recover on the bond as section 83 authorized the Board to bring, plaintiff might not have been warranted in acknowledging liability and making payment prior to a judicial deter-

mination that the conditions of the bond had been broken. However, in the event that an action to recover on the bond had been begun, it is plain that no defense would exist. The condition of the bond was such that " the principal will not suffer any violation of the provisions of Chapter 3-b of the Consolidated Laws of the State of New York." The principal did violate the statute. Its license was revoked for the reason, as determined by the Board, that defendant's premises were not conducted as a *bona fide* restaurant and that liquor had been found on its premises at a time when its license permitted the sale only of beer. Although subdivision 4 of section 87 of chapter 180 of the Laws of 1933 conferred the right upon the present defendant to review the revocation of its license, it never contested the validity of the Board's act. Instead, it consented to the cancellation of its license. If an action had been brought by the Board under section 83, the fact would necessarily stand admitted that the conditions of the bond had been violated and judgment for the amount of the bond would have gone in favor of the People as a matter of course. It would be a strange rule of law which would compel this plaintiff to impede the administration of justice by pretending to resist an incontestible claim and which would refuse to allow it, except at its peril, to admit a liability which, in the event of an action, would surely have been imposed. The surety's liability was fixed by its proper concession without the useless formality of the institution of an action which could not be defended, the principal's liability was fixed by its agreement with the surety and, therefore, on the facts in this record, the first question should be answered in the negative.

As the complaint discloses, this is an action on the agreement and not on the bond and plaintiff is not barred from maintaining this action by reason of the limitation of time set forth in the bond. The sixth question should, therefore, be answered in the negative. The fourth

question should be answered in the negative and the fifth, seventh and eighth questions in the affirmative. The third question does not require an answer as it relates to matters not necessarily presented by this record.

The order of the Appellate Division and that of Special Term should be reversed, with costs to appellant in all courts, and the motion granted.

The first, fourth and sixth questions certified should be answered in the negative, and the fifth, seventh and eighth in the affirmative. The second and third questions certified are not answered.

CRANE, Ch. J., HUBBS and FINCH, JJ., concur; LEHMAN, CROUCH and LOUGHRAN, JJ., dissent.

Judgment accordingly.