SAMUEL LENNER and JEANETTE LENNER, Plaintiffs, *v.* JACK CORSO, Also Known as GIACOMO CORSO, and ANGELINA CORSO, Defendants.

County Court, Sullivan County, March 24, 1937.

*Benjamin Cosor,* for the plaintiffs.

*Joseph Kooperman,* for the defendants.

COOKE, J. On or about October 29, 1928, the defendants executed and delivered to plaintiffs their bond and mortgage dated October 24, 1928, for $7,500. As a part of that transaction the defendants executed a chattel mortgage to plaintiffs as collateral security. The chattel mortgage contained the following agreements:

" Upon condition, that if the said parties of the first part, shall and do well and truly pay unto the said parties of the second part, their heirs, executors, administrators or assigns Two thousand dollars, according to a certain real estate mortgage executed simultaneously herewith, then these presents shall be void.

" It is hereby agreed that upon default in any of the terms, conditions, covenants or provisions of the aforesaid real estate mortgage, and/or upon the happening of any contingency by reason of which said real estate mortgage shall become due and payable, then and in either of such events, the whole of the principal sum secured by this mortgage, shall become due and payable at the option of the mortgagee with the same force and effect as if there had been default made in the payment of the principal sum of this mortgage.

" This mortgage is collateral security to a mortgage bearing even date herewith, in the sum of Seven thousand, three hundred and seventy-five ($7,375) dollars, covering premises described in Liber 240 of Deeds at page 457, in Sullivan County Clerk's office and payable in semi-annual instalments of $250, from date hereof, with interest at the rate of six per cent per annum, payable with each instalment of the principal sum, and when the principal sum of $2,000 shall have been paid on this said mortgage, then this chattel mortgage shall be discharged and be null and void."

It also contained the other provisions usual in a chattel mortgage. How it happened that the chattel mortgage states it was collateral security to a mortgage of $7,375 does not appear. It is evident this is the mortgage to which reference is made.

It seems the real estate bond and mortgage were foreclosed, judgment therein being entered on or about March 13, 1935. Thereafter plaintiffs applied for a deficiency judgment under section 1083-a of the Civil Practice Act, and entertained such judgment in due course for $3,576. In the proceeding under section 1083-a of the Civil Practice Act it was determined that the fair and reasonable market value of these premises at the time of the sale was $8,500. It must be borne in mind that prior liens and incumbrances to the bond and mortgage foreclosed, interest, costs, etc., amounted to $5,076.

Defendants claim that because it can be determined that there was a difference of $3,424 between the amount of the prior liens and the amount determined under this section as the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at the sale, this should be held to be a payment to this extent on the bond and mortgage foreclosed and in this way the lien upon the collateral be lost.

We must bear in mind that the deed, bond and mortgage and chattel mortgage were part of one transaction. The purchase and sale were of a farm, boarding house and this personal property. The grantors held as security for the debt the property, real and personal, which they conveyed to the grantees. This debt was never paid to them, and after allowing a fair and reasonable amount for the real estate which they were obliged to retake there is still $3,576 due them in this transaction. To say that they could not resort to this collateral which was given to them as security for this indebtedness would seem to be contrary to the intention of the parties and contrary to their agreement.

It was given as collateral security to the real estate mortgage of $7,500 with the understanding that when this mortgage of $7,500 was reduced $2,000 then the security on the personal property would be released. It was intended then that the mortgagee would still have security on the land and buildings for $5,500 after they released this security on the personal property and not that their whole real estate mortgage would be paid by allowing them $3,424 under a sale in foreclosure, in addition to the $500 paid on the principal.

In the real estate mortgage accompanying the bond recorded in Sullivan county clerk's office, Mortgage book 230, page 294, it was stated that it was a purchase-money mortgage, and in addition this clause appears: " That simultaneous with the execution of this mortgage the mortgagors have executed a chattel mortgage to the mortgagees covering chattels therein described and now located on the mortgaged premises."

It was also therein provided: " It is agreed that upon default in any of the terms, covenants, conditions or provisions of the said chattel mortgage and/or upon the happening of any contingency by reason of which said chattel mortgage shall become due and payable then and in either of such events the whole of the principal sum secured by the mortgage shall become due and payable at the option of the holder of the mortgage with the same force and effect as if there had been default made in the payment of the principal sum of this mortgage."

It is apparent that this was one transaction. The intention of the parties and their obligations each to the other must be gathered from the whole transaction.

Can it be said that, while the mortgagors still owe the mortgagees a substantial sum on this purchase and sale, they cannot collect it from the security pledged at that time?

The common-law rule is that a purchase-money mortgage has privity over all rights, claims, judgments or liens of any kind.

(*Shilowitz* v. *Wadler*, 237 App. Div. 330.) In Thomas on Mortgages (3d ed.), page 247, it says: " The deed and the mortgage back are regarded as the same transaction, and taking the whole together the purchaser acquires only the right of redemption."

Here it was the deed with the bond and mortgage and the chattel mortgage back.

The cases of *Lang* v. *Joint Stock Land Bank* (155 Misc. 779) and *Matter of Bowery Savings Bank* (158 id. 180) hold that while the sale resulted in a deficiency, no proceeding was brought for a deficiency judgment as prescribed by section 1083-a of the Civil Practice Act.

In that event the proceeds of sale must be deemed to be in complete satisfaction of the entire mortgage debt. However, in the case at hand, this deficiency judgment was duly obtained.

However, in the case of *Westerbeke* v. *Bank of Huntington & Trust Co.* (247 App. Div. 915) we find: " No motion was made pursuant to section 1083-a of the Civil Practice Act for a deficiency judgment. Plaintiffs, upon proper notice, demanded that the defendant bank sell the stock in accordance with the terms of the escrow agreement. Upon the bank's refusal to do so plaintiffs commenced the present action to compel the sale of the stock as provided in the escrow agreement, or in lieu thereof they have judgment for the amount of the deficiency. Defendants contend that by virtue of section 1083-a and the failure of the plaintiffs to move for a deficiency judgment the mortgage debt has been fully satisfied from the proceeds of the sale of the real property and, therefore, the action may not be maintained. In our opinion, section 1083-a has no application. Plaintiffs are not seeking a deficiency judgment or a personal judgment against Turner. They are merely resorting to the additional security which, under the express terms of the escrow agreement, was to be available for the payment of the debt in the event of a deficiency upon the sale of the premises in the foreclosure action."

Collateral means additional. It has also been said that collateral security is a separate obligation attached to another contract to guarantee performance.

Plaintiffs may have judgment herein, as requested.

Submit findings and judgment on notice.