AMERICAN EMPLOYERS' INSURANCE COMPANY, Plaintiff, *v.* FEODOR RADZEWELUK and SAM LYSIAK, Defendants.

Supreme Court, Special Term, New York County, March 15, 1938.

*G. F. Blake,* for the plaintiff.

*J. Solomon,* for the defendants.

MILLER, J. This is a motion by plaintiff for summary judgment in an action to recover the amount of a bond issued by the plaintiff, as surety, under the Alcoholic Beverage Control Law. Defendants make a cross-motion for summary judgment dismissing the complaint, and present five affirmative defenses.

The first defense is that defendants surrendered their license to the Liquor Authority on February 28, 1935, and that the liability under the bond was thus terminated. This surrender did not exonerate defendants from a previous violation nor prevent the subsequent revocation of the license because of such previous violation. The first defense is, therefore, insufficient.

The second defense is that the plaintiff is not the real party in interest. It sets forth that the contract of indemnity was entered into by defendants with the Excise Bond Underwriters and not with the plaintiff. The indemnity agreement, however, shows that the defendants applied for a bond " to be executed by any member of the Excise Board of Underwriters designated by " the Alcoholic Beverage Control Board. The bond accepted by the Board was actually executed by the plaintiff.

The third defense alleges that the present action by the surety was not commenced within four months after the date of surrender of the license. The limitation period in the bond does not apply to the agreement of the defendants to indemnify the surety. (*Continental Casualty Co.* v. *Nat. Slovak Sokol,* 269 N. Y. 283, at p. 290.) The third defense is, therefore, insufficient.

The fourth defense states that the action by the People on the bond was not commenced within four months after the license was surrendered. The license was revoked by the Liquor Authority in May, 1935. Defendants did not seek a review of this determination, and thus permitted the liability of the surety to be fixed. The action by the People was commenced on October 30, 1935, " within four months after the expiration of the license period," as provided in the bond. The surrender of the license did not constitute the expiration of the license period. The fourth defense also contains

an allegation that the People did not commence any action under the bond, and that the payment of $1,000 to the State was voluntary and without any legal duty. An action was brought against the surety, which thereafter paid the amount of the bond. The plaintiff was not required to resist an incontestable claim. (*Continental Casualty Co.* v. *Nat. Slovak Sokol, supra,* at p. 290.) The fourth defense must, therefore, be stricken out.

The fifth defense is unsupported and contradicted by the documentary evidence.

Plaintiff's motion for summary judgment is granted and the cross-motion is denied. Settle order.