UNITED STATES GUARANTY COMPANY, Plaintiff, *v.* JOSEPH NABOGIS, Defendant.

Supreme Court, New York County, June 28, 1938.

*George F. Blake,* for the plaintiff.

*Emanuel Butter & Silverman,* for the defendant.

COTILLO, J. The license expired June 30, 1936. Action on the bond must of necessity be commenced within four months after the expiration of the license period. The license of the defendant was revoked by the State Liquor Authority at a meeting held on November 12, 1935, and the bond forfeited. The plaintiff surety was served with the revocation order on April 20, 1936, indicating the cancellation of the license and forfeiture of the bond. The plaintiff paid the amount due on the forfeiture. The defendant insists that the payment by plaintiff surety was voluntary as the defendant was not informed that the bond was forfeited, and not having knowledge of the forfeiture thereof he was deprived of the right to seek a review by certiorari which would have been done.

It is also urged that the decision was not rendered by the State Liquor Authority within thirty days (Alcoholic Bev. Control Law, § 120). The provision as to this, however, is merely directory and not mandatory, and, assuming that there was a delay in deciding the issue before the board, such delay does not invalidate the finding. Moreover, there was no duty, either express or implied, upon the surety to inform defendant of the forfeiture of the bond. The bond was duly forfeited and the surety notified and it then became liable on the bond so furnished. The determination in the proceeding before the State Liquor Authority cannot be collaterally attacked here. (*Continental Casualty Co.* v. *National Slovak Sokol*, 269 N. Y. 283, at p. 287.) If defendant was deprived of any rights by reason of any alleged faulty notice or no notification from the State Liquor Authority, such omission cannot be charged against the plaintiff, who in good faith has paid the amount due on the forfeited bond. This action being based upon the guaranty by the defendant, which is in writing, the amount sued for has become due and there is no defense. The answer is stricken out and judgment directed for plaintiff. Ten days' stay. Settle order.