SAINT PAUL-MERCURY INDEMNITY COMPANY, Appellant, *v.* THOMAS MANGANARO, Respondent, et al., Defendants.

Supreme Court, Appellate Term, First Department, January 2, 1946.

*Robert J. Blum* for appellant.

*Max Epstein* for respondent.

MEMORANDUM *Per Curiam*. Respondent in signing the application as president of the corporation became personally liable. No fraud on the part of plaintiff was proven and it was respondent's duty to read the clause. His failure to do so does not excuse him (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159).

The judgment should be reversed, with $30 costs, judgment directed for plaintiff for $500, in addition to attorney's fees, the amount of which is to be determined in the court below, with interest and costs.

HECHT, J. (dissenting). I dissent. In signing the application for the bond as president of his corporate principal respondent had no reason to believe he was agreeing to become an indemnitor. It is true that as between himself and the corporation he owed an obligation to the latter to read the small print agreement, and his failure in that regard would be no defense to an action by the plaintiff against the corporation for breach of contract; but there was no contractual relation between plaintiff and respondent, and *Pimpinello* v. *Swift & Co.* (253 N. Y. 159) has no bearing on the controversy.

McLAUGHLIN and EDER, JJ., concur in memorandum *Per Curiam;* HECHT, J., dissents in memorandum.

Judgment reversed, etc.