MARY E. HENDERSON, Plaintiff, *v.* HENRIETTA M. VAN WAGNER et al., Defendants.

Supreme Court, Special Term, Queens County, September 22, 1947.

*Irving Coopersmith* for plaintiff.

*Solomon C. Stember* for defendants.

HALLINAN, J. Motion by plaintiff for summary judgment; cross motion by defendants for an order dismissing the complaint for legal insufficiency.

In February, 1940, plaintiff lent money to the defendants and received as security therefor a third mortgage. Thereafter plaintiff to protect her third mortgage acquired the second mortgage by assignment. Still later, plaintiff lent defendants $500

which was secured by a fourth mortgage. In 1943, plaintiff to protect her second, third and fourth mortgages purchased the first mortgage from a savings bank. This action is brought to foreclose all four mortgages.

Defendants in opposing plaintiff's motion for summary judgment have not submitted any evidentiary facts to support the denials in their answer, but base their opposition entirely on two grounds: First, that the complaint fails to state a cause of action (the basis of their cross motion), and second, that the affidavit in support of the motion is hearsay because made by plaintiff's attorney instead of by the plaintiff. Since defendants' cross motion, if granted, would defeat plaintiff's motion for summary judgment, it will be disposed of first.

Defendants' claim that the complaint is legally insufficient is predicated on an alleged defect in the allegation of nonpayment. Defendants state that the allegation in paragraph 15 of the complaint merely alleges nonpayment " by the defendant, Henrietta M. Van Wagner " and argue that some other defendant or person not even a party could have made the payment. The error in this argument is that it overlooks the rule that payment is an affirmative defense which must be pleaded and proved by the defendants. (*Redmond* v. *Hughes*, 151 App. Div. 99, 102.) In *Bremer* v. *Ring* (146 App. Div. 724, 725) the court said: " The authorities uniformly hold that it is necessary for the plaintiff in such an action to allege non-payment, but this is a mere rule of pleading, and for the reason that payment must be pleaded or proved as a defense the denial of such an allegation does not make it an issuable fact and forms an exception to the rule that a denial of a material allegation puts the same in issue. (*Lerche* v. *Brasher*, 104 N. Y. 157, 161; *Lent* v. *N. Y. & M. R. Co.*, 130 id. 504; *Essex County Nat. Bank v. Johnson*, 16 N. Y. Supp. 71.)"

Moreover in the instant complaint, the challenged allegation is followed by two other paragraphs which must be read in conjunction with it. Paragraphs 16 and 17 read in part:

"16. That by reason of the omission of the defendants, *and each of them*, to pay * * *." (Italics supplied.)

"17. That there is now justly due and owing to the plaintiff herein * * *." Similar allegations are alleged or incorporated by reference in each of the other three causes of action (pars. 24, 26, 28, 29, 31, 32). Reading these allegations together, nonpayment is sufficiently alleged especially in view of the holding in the above-cited authorities that a denial of nonpayment

does not raise an issuable fact and that the defense of payment must be affirmatively pleaded and proved by the defendants. The cross motion to dismiss the complaint for insufficiency is, therefore, denied.

There remains for consideration defendants' second ground of opposition to plaintiff's motion for summary judgment, namely, that the moving affidavit is hearsay. While it is made by plaintiff's attorney instead of by the plaintiff, it is based on written documents in the hands of the attorney. Rule 113 of the Rules of Civil Practice requires merely that the motion be made on the affidavit "of a party *or of any other person having knowledge of the facts* * * *." (Italics supplied.)

Defendants argue further, however, that the rule requires the *party himself* to state his belief that there is no defense to the action. The requirement in respect to the belief that there is no defense is embodied in the same sentence, quoted in part above, which permits anyone having knowledge of the facts to make the affidavit. Quoting more fully, it reads: "* * * the complaint may be dismissed * * * on motion upon the affidavit of a party or of any other person having knowledge of the facts, setting forth such evidentiary facts as shall * * * establish the cause of action sufficiently to entitle plaintiff to judgment, * * * together with the belief of the moving party * * * that there is no defense to the action * * *." From the context, it appears that the words "moving party" are used not in their technical legal sense of "litigant", but in the sense of "affiant". This construction is borne out by the case of *First Trust & Deposit Co.* v. *Holt & Thomas, Inc.* (236 App. Div. 714) where a motion for summary judgment was denied because the moving papers failed "to set forth a belief on the part of the *affiant making the statement on plaintiff's behalf* that there was no defense as required by the rule." (Italics supplied. See, also, *Freund* v. *McCullagh, Inc.*, 268 App. Div. 875.)

Plaintiff has sufficiently established her cause of action and there appearing to be no defense thereto, the motion for summary judgment is granted.

Submit order and judgment.