COUNTY TRANSPORTATION COMPANY, INC., Plaintiff, *v.* MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Defendants.

Supreme Court, Special Term, Albany County, March 8, 1948.

*Sherman C. Ward* and *George H. Kenney* for defendants.

*Edward R. Brumley* and *Thomas Bronson Jewell* for plaintiff.

BERGAN, J. Upon taking up the merits of defendants' motion for summary judgment based on the record before them, some aspects of the case fall into clearer perspective than seemed possible when the broad question alone was considered whether summary judgment is a remedy appropriate to this kind of action.

I have held that the remedy is within the practice and appropriate to the action; but as I reach into the merits and examine more closely the factual and procedural problems, I conclude that this motion in this action should be denied as a matter of discretion. Two main reasons, somewhat interrelated, underlie this result:

(A) Much of the controversy turns on the scope of admissibility of evidence in the action. The rule of admissibility seems to assume a rather large importance. Defendants say the full record, upon which they acted, is the only competent evidence.

Plaintiff contends new evidence and evidence of value improperly excluded by the commission may be received. The summary judgment, under our practice, is not a happy vehicle for getting a clear-cut ruling on the admissibility of debatable evidence. It would be preferable to have the evidence offered on a trial and passed upon. Then it may be decided if it should be received by viewing it in the exact form and scope offered, rather than as it may take form in the descriptive language of affidavits.

If, as defendants argue, such evidence should be excluded and only the record before the commission considered, appropriate rulings of exclusion can be made on the trial, easily reviewable under customary appellate practice. Such a trial could be very brief. The very nature of the summary judgment makes adequate separate consideration and review of such questions awkward.

(B) The function of summary judgment is to deal with issues quickly; to get at the real substance of facts, about which there is no controversy which a judge would take seriously. All this suggests dealing with familiar forms of relief. Where the action is as new and unfamiliar as this is, a summary disposition should be approached cautiously, and while I think, as I have stated before, the remedy is appropriate to the action (but available to defendants only) its full application should await clarification of the nature of the inquiry and the kind and scope of evidence a court will receive before it can have a really useful application. As the court and the bar gain experience with the action, and the rules of admissibility become settled, the summary judgment will, no doubt, prove a valuable form for reaching the underlying questions.

Motion for summary judgment denied as a matter of discretion.

The first affirmative defense of defendants is properly pleaded and plaintiff's motion addressed to it is denied.

Submit orders. Papers and briefs used on these motions may be obtained at this office by respective counsel.