RICHARD J. WELSH, Plaintiff, *v.* ALBERT WOOTTON, Defendant.

Supreme Court, Special Term, Queens County, March 25, 1949.

*Benjamin J. Jacobson* for plaintiff.

*Powsner, Katz & Polinsky* for defendant.

DALY, J. The plaintiff, in an action to foreclose a transfer of tax lien purchased from the City of New York, moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The sufficiency of the complaint has already been sustained (274 App. Div. 907). The answer consists of a general denial. There are no affirmative defenses. It denies any knowledge or information sufficient to form a belief as to whether the city collector purchased the tax lien on July 9, 1942, at a regular sale, whether the premises affected thereby are described in the com-

plaint, whether more than three years have elapsed since the sale and delivery of said lien, whether the defendant had failed to comply with the provisions of law regarding the payment of interest on the lien, and whether he is in default, and whether any proceedings have been brought for the recovery of the sum due. The answer also denies, on information and belief, however, that there is now due on the lien the sum of $11,047.42 with interest, and that no part thereof had been paid, or that defendant has any interest in or claim upon the real property affected by said tax lien.

Preliminarily the defendant objects to the motion on two grounds (a) that an action to foreclose a transfer tax lien does not come within the purview of any of the subdivisions of rule 113 of the Rules of Civil Practice, pursuant to which plaintiff may seek summary judgment; and (b) the moving affidavit is made by an attorney and not by the party.

The first objection may be summarily disposed of by the citation of a case decided by the Appellate Division, this department, wherein an order granting a plaintiff summary judgment in actions to foreclose transfer tax liens was affirmed (*Municipal Investors, Inc.*, v. *Hessian Hills Corp.*, 256 App. Div. 1000). (See, also, subdivision 6 of rule 113 of the Rules of Civil Practice — " To enforce or foreclose a lien or mortgage ".)

The second objection must likewise be overruled, first because the attorney, upon whose affidavit the plaintiff's motion is predicated, states in said affidavit that he is familiar with all of the facts and circumstances of this action, that the transfer tax lien is in his possession, and the facts alleged in the affidavit, as well as those alleged in the complaint, are derived therefrom, and from a search of the public records. It is evident, therefore, that he has personal knowledge of the facts involved within the meaning of that portion of rule 113 of the Rules of Civil Practice which states " upon the affidavit of a party or *of any other person having knowledge of the facts* ". (Italics supplied.)

Moreover, the question presented upon this application concerns the efficacy of the answer as a matter of law to bar the relief sought by the plaintiff in this action, and is based upon documentary proof and the statute governing foreclosures of this character. In addition the plaintiff has submitted a supplemental affidavit, sworn to the same day as the motion came on for hearing. Under these circumstances, the fact that the supporting affidavit is that of an attorney, rather than of the plaintiff himself, does not render the motion defective (*Henderson* v. *Van Wagner*, 190 Misc. 533).

A consideration of the pleadings and of the entire record leaves no doubt that no triable issues are presented herein which preclude a summary disposition. Not only does the answer fail to allege affirmatively facts showing that the tax lien is irregular or invalid, or that there is any defect therein, or that the transfer of the tax lien is irregular, invalid or defective (Administrative Code of City of New York, § 415 [1]-40.0), but the answering affidavit — likewise made by an attorney — fails to set forth such facts and is, therefore, insufficient to stave off summary judgment (*Curry* v. *MacKenzie,* 239 N. Y. 267).

It follows that the motion must be granted. Submit order.