In the Matter of SAMUEL S. MARMORSTEIN, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.

Supreme Court, Special Term, Queens County, June 22, 1955.

*Irving Lipton* and *Bernard Klieger* for petitioner.

*Alvin McKinley Sylvester and Emanuel D. Black* for respondent.

DALY, J. Petitioner brought this article 78 proceeding to review and thereupon to annul the cancellation order of the respondent, dated February 16, 1955, revoking petitioner's restaurant liquor license upon the finding that he had " violated Section 65 of the Alcoholic Beverage Control Law in that he sold, delivered or gave away or permitted to be sold, delivered or given away alcoholic beverages to a minor actually or apparently, under the age of 18 years, on October 8, 1954."

Respondent has cross-moved, pursuant to section 1293 of the Civil Practice Act, to dismiss the petition as a matter of law upon the ground that it is insufficient to state any cause for the relief sought, and that from its allegations there is a reasonable basis for the determination sought to be reversed, or, in the alternative, for an order pursuant to section 1294 of the Civil Practice Act striking from the petition certain paragraphs as improper, unnecessary, immaterial, irrelevant, etc.

Briefly stated, the petitioner alleges that he obtained a restaurant liquor license; that he subsequently contracted to sell his restaurant and in connection therewith and the issuance of a new license to his purchaser, he surrendered his license to the New York State Liquor Authority for cancellation and refund; that within thirty days from the date of such surrender, the Authority initiated proceedings to revoke the license upon the ground that petitioner committed the violation above referred to prior to the surrender of the license; that after a hearing duly held, respondent determined that petitioner had been guilty of the violation as charged, and thereupon the license was cancelled; that prior to the sale of the glass of beer to the minor involved, she exhibited to petitioner a baptismal certificate altered by her to indicate her age to be over eighteen years, and further signed a card supplied by petitioner upon which was certified that she was over eighteen years of age; that petitioner was thereafter arrested for this violation, but the complaint was dismissed in the Magistrate's Court.

Petitioner contends that the respondent could not *revoke* a surrendered license; that under section 127 of the Alcoholic Beverage Control Law its power was limited to a proceeding to *cancel* it; that since no cancellation proceeding as such had ever been instituted, the order under review has no validity; that in any event, once his license was surrendered " intent became a necessary element of the proof of the violation with which petitioner was charged." It is true that the notice of hearing, dated November 16, 1954, served by the respondent upon the petitioner, made reference to " proceedings to revoke restaurant liquor License No. 4RL7871 ", although by that time petitioner had already voluntarily surrendered said license. However, a reading of the entire section 127 of the Alcoholic Beverage Control Law makes it evident that " cancellation of licenses " as used therein was not a limitation as to the type of proceeding that may be brought thereunder, but is a term indicating the *termination* of a license.

Our Court of Appeals, moreover, has expressly held in *Matter of Glenram Wine & Liquor Corp.* v. *O'Connell* (295 N. Y. 336, 341–342): " ' Cancellation ' and ' revocation ' are very closely synonymous. To cancel means to deface or obliterate a writing by drawing lines across it latticewise and with reference to legal documents it means to annul, render void or invalid by so marking. Similarly, to revoke means to recall, and, with reference to privileges, ' to annul, repeal, rescind, cancel ' * * *. Thus it is apparent that ' cancellation ', as applied to the termi-

nation and surrender of a license, is merely a form of revocation and the word is apparently so used in the statute and has been so understood by the authority ''.

The foregoing is further buttressed by section 118 of the Alcoholic Beverage Control Law entitled '' *Revocation of licenses for cause* '', the introductory sentence of which reads: '' Any license or permit issued pursuant to this chapter may be revoked, cancelled or suspended for cause ''.

The fact that the license had already been surrendered by petitioner clearly '' did not constitute a bar to the action of the Board in revoking his license after a hearing to which he was summoned.'' (*Fidelity & Casualty Co. of N. Y.* v. *Zappolo,* 153 Misc. 258, 260 and the authorities cited p. 260; *American Employers' Ins. Co.* v. *Radzeweluk,* 167 Misc. 447, 448; see, also, Alcoholic Beverage Control Law, § 127, subd. 1.) Nor was the dismissal in the Magistrate's Court of the complaint against the petitioner a bar to the determination made by the respondent. Proof of the violation adduced before it was, in the words of the Court of Appeals in *Matter of Lynch's Builders Restaurant* v. *O'Connell* (303 N. Y. 408, 410), '' not rendered less effective or less probative because the criminal charge based upon some of it had been dismissed in a magistrate's court ''. (See, also, *Matter of Walcott* v. *State Liquor Authority,* 285 App. Div. 833.)

In light of the foregoing, it is the opinion of the court that the proceeding which resulted in the determination under review was properly and duly instituted by the respondent.

Since petitioner does not dispute in his petition the fact that prior to the surrender of his license, he sold, delivered or gave away on October 8, 1954, or permitted to be sold, delivered or given away an alcoholic beverage (glass of beer) to a minor actually or apparently under the age of eighteen, no question is presented to this court as to whether that finding is supported by substantial evidence. What the petitioner disputes is respondent's position that intent was not a necessary element in the proof of the violation with which he was charged. That, however, is not the law. It has been held that in a criminal prosecution for the sale of alcoholic beverages to a minor, now prohibited by subdivision 1 of section 65 of the Alcoholic Beverage Control Law, '' the absence of any criminal intent and the circumstance that the defendant acted in good faith would seem to be immaterial. The law on that subject seems to be that an act *malum prohibitum* is not excused by ignorance, or a mistake of fact when a specific act is made by law indictable

irrespective of the defendant's motive or intent. His belief that he was right in what he did based on a mistake of fact is no defense.'' (*People* v. *Werner,* 174 N. Y. 132, 133–134.) If intent is not a necessary element in a criminal prosecution for violation of section 65 of the Alcoholic Beverage Control Law, it can hardly be held that the respondent in a proceeding before it must prove intent before it can determine that this section has been violated. As was observed by the Third Department in *Matter of Barnett* v. *O'Connell* (279 App. Div. 449, 450) : '' The protection of adolescents against psychic and physical impairment from the use of alcohol is a settled policy of the State. It is more important than the inconvenience that might come to liquor purveyors in taking the trouble to check somewhat the maturity of their customers. The burden is not intolerable, but whatever it is the Legislature has undoubted power to impose it. If it seems heavy, it is placed where it is for good cause.''

It follows that the petition does not state any cause for relief and must, therefore, be dismissed.

Submit order.