Baer, J.
This is a motion for summary judgment. Briefly, the facts are that defendant took an automobile to England from France under a customs permit, for a temporary visit, without having to pay customs duties. This was arranged by the Automobile Club of France. The club was insured by the plaintiff. "When defendant kept his automobile in England beyond the year permitted, the Government seized the car and billed the Automobile Club for customs duty and taxes amounting to $3,080 in United States currency. This amount was paid by the club and in turn it was reimbursed by the plaintiff under a policy of insurance. The plaintiff, under the right to subrogation, has brought suit against defendant. All of these facts are substantiated by documents, including a solicitor’s affidavit of the law of Great Britain with respect to the seizure and assessment for customs duty.
The defense is that the payment of $3,080, if made “ was unnecessary ”, and negligently made without ascertaining if it was due. That the sale of the car after seizure, upon information and belief, brought sufficient money to pay all charges. There are no evidentiary facts set forth in the answering affidavit. Defendant reiterates many times that he has a meritorious defense, but sets forth no facts to substantiate this contention.
The defendant contends that the facts are exclusively within the knowledge of the moving party and therefore summary judgment should be denied, citing Suslensky v. Metropolitan Life Ins. Co. (180 Misc. 624, affd. 267 App. Div. 812), and Asbury Park & Ocean Grove Bank v. Simensky (160 Misc. 921). These cases should be followed when the factual situation requires denial of . summary judgment in order to prevent injustice.
In the case at bar the documentary proof is clear. Defendant made this transaction and the facts are sufficiently within his knowledge to exclude the rule laid down by the cited cases. In fact, it would be an injustice to require plaintiff to expend further moneys to bring witnesses to this city from England and France when defendant apparently has no substantial defense to this action.
*102 The objection raised to summary judgment because a foreign law is involved has no merit. The defendant cites Croker v. Croker (252 N. Y. 24). This case does hold that a foreign law, like any other fact, must be proved. I am satisfied that this has been done through the affidavit of a solicitor of the Supreme Court of Judicature of England. No facts have been proved to the contrary by defendant.
The defendant has failed to submit any evidentiary facts to support the allegations in his answer. The documents satisfy me that the defenses are sham and inadequate in law. The plaintiff’s right to indemnification is clear. (Continental Cas. Co. v. National Slovak Sokol, 269 N. Y. 283; Ætna Cas. & Surety Co. v. Fleischman Wine & Liquor Co., 269 N. Y. 614; United States Guar. Co. v. Nabogis, 169 Misc. 31; Fidelity & Cas. Co. of N. Y. v. Zappolo, 153 Misc. 258; Glens Falls Ind. Co. v. Carobine, 36 N. Y. S. 2d 253.) The last case cited is a decision of this court wherein many authorities are cited to substantiate granting summary judgment under facts similar to the case at bar.
I am satisfied that the affidavit submitted with the moving papers meets the test of the requirement that there be an affidavit by one with knowledge, especially so when supported by documentary evidence and when the plaintiff is a foreign entity (Weinman v. Weinman, 75 N. Y. S. 2d 880; Henderson v. Van Wagner, 190 Misc. 533; Welsh v. Wootton, 194 Misc. 921).
The contention by defendant that he will have a better defense at a trial, than on motion, has no merit. This is the time for defendant to come forth with evidence to support the conclusion that he has a meritorious defense and that there is a triable issue. It is insufficient to say that these will be developed at the trial. The plea by defendant that $3,080 is more than the car cost, may be true. He should have thought of this when he abandoned the car in London, occasioning to the plaintiff liability to pay this sum.
Further, the contention that defendant could not read French, and did not know what he signed is without merit in law. This has not been pleaded, but the admissions of defendant show that he knew the limitation of time connected with the customs permit and he disregarded the restrictions. I must presume that defendant who executed the contract with the Automobile Club, knew its contents. (Pimpinello v. Swift, 253 N. Y. 159; McDonald v. John Hancock Mut. Life Ins. Co., 17 App. Div. 16; St. Paul-Mercury Ind. Co. v. Manganaro, 186 Misc. 161.)
Motion for summary judgment is granted to plaintiff and against the defendant for $3,080 with interest from August 21, 1951.