Abraham R. Margulies, J.
“ The function of summary judgment is to deal with issues and get at the real substance of the facts, about which there is no controversy which a judge could take seriously.” (Tripp, Guide to Motion Practice, p. 277.) This well-established rule was enunciated in County Transp. Co. v. Maltbie (191 Misc. 391). The motion is determined on all of the pleadings (Bobrose Developments v. Jacobson, 251 App. Div. 825) and the affidavits before the court. An attorney’s affidavit based upon documentary proof in his possession — copies of said proof being annexed to said affidavit — has been held to be sufficient. (Henderson v. Van Wagner, 190 Misc. 533.)
There appears to be no dispute between the parties as to the facts. Plaintiff does not put in issue what defendant contends in moving affidavit. (“ Consequently, there is no factual issue herein.”) If so, then plaintiff does not deny defendant’s statement in moving affidavit. (“I was never personally served with the Petition to Reduce Arrears to Judgment, nor was I given any notice of it in any manner whatsoever. I never appeared generally or specially in that action or proceeding and never retained any attorney to represent me in that action or proceeding.”)
The facts not in dispute are as follows: Plaintiff is the former wife of the defendant, having been granted a divorce in the State of Pennsylvania on May 9,1947. There is no question concerning this decree of divorce before this court even though the defendant was never domiciled in the State of Pennsylvania and the aforesaid State of Pennsylvania never had jurisdiction over the marital res.
In 1954 while the plaintiff was a resident of the State of Pennsylvania and the defendant a resident of the State of New York a proceeding was commenced in the Municipal Court of the City of Philadelphia, State of Pennsylvania, Domestic Relations Division. The defendant appeared in this proceeding and the court entered an order reading as follows: “ and now, January 22, 1954, The Court orders and decrees that the said Defendant pays to his wife the sum of Twenty ($20.00) Dollars per week for the support of his minor child, Robert William Anderson, without prejudice, by agreement, from the twenty-second day of January, A, D., 1954, and give security real estate *1036 by his own bond to the Commonwealth in the sum of Five Hundred ($500.00) Dollars for the faithful performance of this order, pay the costs and stand committed until the order is complied with, (signed) John A. Boyle, J.”
On June 15, 1960, without notice to the defendant judgment was entered against the defendant in the sum of $2,420 in a proceeding brought by the State of Pennsylvania by the District Attorney of the City of Philadelphia. This judgment was assigned to the plaintiff.
On September 21,1960, an action was commenced in this court to recover the aforesaid sum based upon aforesaid judgment. The defendant now moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice to dismiss plaintiff’s complaint on the merits.
The plaintiff requests summary judgment in the answering affidavit. The same will be considered even in the absence of a cross motion. (Jewish Kosher Provision Corp. v. Gottfried, 63 N. Y. S. 2d 160.) A cross motion is unnecessary where cross relief is requested in the opposing affidavit. (Goldarbeiter v. Cunard White Star, 27 N. Y. S. 2d 920.)
The plaintiff relies upon the well-established principle that a judgment of a sister State is entitled to full faith and credit and should be enforced in an action commenced in this court. As a general proposition the foregoing is true. However, there are exceptions to this rule.
The authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established. Any attempt to exercise authority beyond those limits would be deemed in every other forum an illegitimate assumption of power, and resisted as mere abuse. (D’Arcy v. Ketchum, 11 How. [52 U. S.] 165.)
If, without, personal service, judgments in personam are obtained against nonresidents and against absent parties without notice, they would be the constant instruments of fraud and oppression. (Pennoyer v. Neff, 95 U. S. 714.) The facts herein support the foregoing, for the plaintiff now admits that the judgment sued for herein exceeds the amount of moneys actually due. If the Pennsylvania judgment could not be attacked collaterally, the plaintiff would be entitled to more than justified.
Since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of the Pennsylvania judgment may be directly questioned, and the enforcement in the State of New York resisted upon the ground that the Pennsylvania court had no jurisdiction to enter judgment without due process of law. (Pennoyer v. Neff, supra.) In the United States, limitations *1037 upon the jurisdiction of the States are enforced as a matter of constitutional law. The rendition or enforcement of a personal judgment against a defendant over whom the State has no jurisdiction involves a violation of the Fourteenth Amendment to the Constitution of the United States that no State shall “ deprive any person of life, liberty, or property without due process of law.”
It appears from the affidavits submitted that the defendant appeared in the 1954 proceeding and as a result the State had jurisdiction over the person of the defendant at that time. To the extent of the terms of the order for the purpose of enforcement of same the State retained jurisdiction. Full force and effect must be given to the language used in said order. The words “ without prejudice ” and “ by agreement ” must be considered. Surely it was not the agreement or the intent of said order that the defendant pay a fixed sum of $20 each week regardless of circumstances. Concededly this sum could be changed. Further, when the infant was no longer a “ minor ” the obligation would cease. So therefore, even though the State may have had jurisdiction, reasonable opportunity should have been afforded to the defendant before entry of judgment.
In a certain sense the State of Pennsylvania had jurisdiction over the defendant and to that end rendered judgment as limited by the terms of the 1954 order. This order reaffirmed what appeared to be the agreement between the parties to pay the sum of $20 per week. This order and agreement are not the cause of action on which plaintiff is suing herein. Plaintiff is suing on a judgment obtained some six years later.
The question then properly before this court is whether the Pennsylvania court had jurisdiction over the defendant to render a personal judgment against him without notice and an opportunity to be heard.
The plaintiff relies upon the Pennsylvania law under which the 1954 action was commenced. (Purdon’s Pa. Stats. Ann., tit. 62, §§ 2043.31-2043.44.) Section 2043.40 of the statute provides: “ The court making the order [of support pursuant to section 2043.37] shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated.”
Reading this statute strictly, as required, and reading the 1954 order which was the basis of the judgment, both clearly show an intent to enforce the order. Nowhere does there appear *1038 any authority for the entry of a judgment without notice of any kind. If so, there is ample authority that such judgment would be void.
As a matter of fact, the intent appears to be to the contrary, that if the defendant is not in Philadelphia that a different proceeding be instituted for the support claimed.
It is manifestly unfair to subject a defendant to liability without an opportunity to defend himself. There appears to be no issue as to that fact. Defendant says he had no notice of the proceeding wherein judgment was rendered and which is the subject matter of the present claim. Where a proper method of notification is not employed, the judgment is void and an action cannot be maintained upon it. The rendition of such a judgment is a denial of due process of law.
Further, in order that a judgment rendered by a court of a State be valid, it is essential not only that the State shall have jurisdiction but that the court should have jurisdiction. If a personal judgment is rendered by a court of a State and the State does not have jurisdiction to subject the parties to its control, the judgment is void. Even though the State has jurisdiction, if a reasonable method of notification is not employed and if a reasonable opportunity to be heard is not afforded to persons affected, the court does not have jurisdiction and a judgment rendered by it is void.
The case quoted by the plaintiff, Commonwealth ex rel. McVay v. McVay (383 Pa. 70, petition for return of cert, denied 350 U. S. 995). In said case the parties resided in Pennsylvania from 1926 to 1954 and while domiciled in said State, the wife obtained in 1946 a Pennsylvania decree which was the basis for a judgment. In such a situation the Pennsylvania law provides for the entry of a judgment. In the instant case although the plaintiff obtained a Pennsylvania divorce decree, the defendant was never a resident of Pennsylvania and no provision for alimony was made in said decree.
The agreement to which the defendant bound himself and the 1954 order of the Pennsylvania court may be the proper subject master of a claim against the defendant. Everything in the facts>befqre„ this court seems to point to that effect. This court cannot, fiq^ ^ny^authority for the entry of the judgment sued for judgment granted dismissing the eomplainJi^;.Qro s s reíi'éf ,ip, the plaintiff is denied.