■ LEON SCHOTTENSTEIN et al., Appellants-Respondents, v. ARTHUR J. ORTNER, Respondent-Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, the parties cross-appeal as follows from an order of the Supreme Court, Westchester County, dated February 20, 1961: (1) Plaintiffs appeal from so much of the order as denied their motion to strike out as insufficient in law the third, sixth, seventh and eighth affirmative defenses pleaded in defendant Ortner's amended answer, and to dismiss the counterclaim pleaded therein on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 109, subds. 4, 5, 6). (2) Defendant Ortner appeals from so much of the order as granted plaintiffs' motion to strike out the first, second, fourth and fifth affirmative defenses pleaded in his amended answer, on the ground that they are insufficient in law. On the appeal by plaintiffs: Order insofar as appealed from, affirmed, without costs. On the appeal by defendant Ortner: Order insofar as appealed from, modified: (a) by striking out from the first and third decretal paragraphs the provisions which grant plaintiffs' motion as to the first, second and fourth defenses and which strike out such defenses, and (b) by substituting therefor a provision denying plaintiffs' motion as to such defenses. As so modified, the order, insofar as appealed from by said defendant, is affirmed, without costs. In our opinion, the first, second and fourth defenses are sufficient in law to withstand plaintiffs' motion. The purpose and intent of the agreement pleaded in the first defense are not so clear that it may be said as a matter of law that the continuation of the foreclosure action and plaintiffs' demand for a deficiency judgment therein are not inconsistent with the obligations assumed by plaintiffs under such agreement. The question may be better decided on a trial at which a determination may be made in the light of the circumstances existing and the respective situations of the parties at the time of the making of the agreement (cf. *Becker* v. *Frasse & Co.*, 255 N. Y. 10, 14; *Halsted* v. *Globe Ind. Co.*, 258 N. Y. 176, 180). In any event, the second defense, as pleaded, does not confine defendant Ortner to the agreement annexed to his answer for proof of his claim of novation. If it be assumed that the fourth defense is unnecessary, as the Special Term decided on authority of *Conkling* v. *Weatherwax* (181 N. Y. 258, 266; but see *Redmond* v. *Hughes*, 151 App. Div. 99; *Walsh* v. *Gray*, 214 App. Div. 296, 301; *Lion Brewery* v. *Loughran*, 223 App. Div. 623, 625; *Shilowitz* v. *Wadler*, 237 App. Div. 330, 333; *Rose* v. *Wood*, 7 Misc 2d 523, 525; *Henderson* v. *Van Wagner*, 190 Misc. 533, 534), it is not insufficient and is expressly permitted by section 242 of the Civil Practice Act. Plaintiffs' time to serve a reply to the counterclaim is extended until 10 days after the entry of the order hereon. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.